ASHTON R. O'DWYER, JR., ET AL.

VERSUS

THE METAIRIE TOWERS CONDOMINIUM
ASSOCIATION BOARD PRESIDENT, ET AL.

NO. 24-CA-277

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 849-260, DIVISION "N"
HONORABLE STEPHEN D. ENRIGHT, JR., JUDGE PRESIDING

January 29, 2025

**SCOTT U. SCHLEGEL**
**JUDGE**

Panel composed of Judges Jude G. Gravois,
Marc E. Johnson, and Scott U. Schlegel

**AFFIRMED**
    **SUS**
    **JGG**
    **MEJ**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Jalisa Walker
Deputy, Clerk of Court

PLAINTIFF/APPELLANT,
ASHTON R. O'DWYER, JR.
    In Proper Person

COUNSEL FOR DEFENDANT/APPELLEE,
STRATEGIC CLAIM CONSULTANTS, LLC AND BRANDON LEWIS,
INDIVIDUALLY
    Michael D. Lane

COUNSEL FOR DEFENDANT/APPELLEE,
JACK K. WHITEHEAD, JR., CHARLES E. SUTTON AND SUTTON LAW
FIRM, L.L.C.
    Gus A. Fritchie, III
    Edward W. Trapolin
    Christopher H. Irwin

COUNSEL FOR DEFENDANT/APPELLEE,
J. BARTHOLOMEW KELLY, III AND ALVENDIA, KELLY & DEMAREST,
LLC
    Richard C. Stanley
    Kathryn W. Munson
    J. Andrew Mieras

**SCHLEGEL, J.**

Plaintiff/Appellant, Ashton R. O'Dwyer, Jr., seeks review of the trial court's March 20, 2024 judgment that granted exceptions of no right of action in favor of defendants, J. Bartholomew Kelly, III, Alvendia, Kelly & Demarest, LLC, Charles E. Sutton, Jr., Sutton Law Firm, LLC, Jack K. Whitehead, Jr., Strategic Claim Consultants, LLC, and Brandon Lewis. Mr. O'Dwyer also appeals the trial court's denial of his motion to transfer this lawsuit to another division of the 24th Judicial District Court. For reasons stated more fully below, we affirm the trial court's rulings.

**FACTS AND PROCEDURAL BACKGROUND**

This matter arises from damages sustained to the Metairie Towers condominium complex on August 29, 2021, during Hurricane Ida, as well as a second incident on September 28, 2021 that allegedly caused additional damage to the property. Metairie Towers is a 219-unit condominium building located at 401 Metairie Road in Metairie, Louisiana. Mr. O'Dwyer alleges that he owns Unit 330, as well as an undivided interest in the common areas of the condominium complex. The Metairie Towers Condominium Association, Inc. ("MTCA") is a non-profit corporation that manages the property through its Board of Directors.

On November 27, 2023, Mr. O'Dwyer filed this lawsuit alleging that the MTCA's Board of Directors failed to secure adequate insurance for the property, squandered over $30 million dollars of insurance proceeds, and mishandled the repairs to the condominium complex. In addition to suing the Board of Directors and certain members, Mr. O'Dwyer also sued the MTCA's insurer, Certain Underwriters at Lloyd's, London, as well as contractors, property managers, consultants, attorneys, and public adjusters hired by the Board of Directors. Mr. O'Dwyer contends that the MTCA improperly paid the insurance proceeds to these individuals and entities, rather than utilizing them to repair Metairie Towers. Mr.

O'Dwyer also contends that unit owners were repeatedly assured that the insurance proceeds would be sufficient to repair the property. However, he alleges that after two years, the Board of Directors reversed course in September 2023 and advised the unit owners that the remaining insurance proceeds were insufficient to rebuild the condominium complex, that the rebuild would require a large assessment against the unit owners, and that the unit owners should sell the property rather than attempting to rebuild it. Mr. O'Dwyer filed his petition for damages shortly thereafter, in November 2023.

In response to Mr. O'Dwyer's petition, several of the defendant lawyers and their law firms filed exceptions of no right of action arguing that they were engaged by the MTCA through its Board of Directors or other parties, and therefore, Mr. O'Dwyer did not have a right of action against them because they did not have an attorney-client relationship with him. The public adjuster hired by the MTCA, Strategic Claims Consultants, LLC, and its "owner," Brandon Lewis, also filed exceptions of no right of action raising similar arguments regarding the lack of a contractual relationship with and lack of a duty owed to Mr. O'Dwyer. Prior to the hearing on the exceptions, Mr. O'Dwyer filed a motion to transfer this matter to another division of the same court that was handling a class action proceeding brought by the unit owners against the MTCA and other defendants arising out of the Hurricane Ida damages to Metairie Towers. Mr. O'Dwyer also requested a continuance of the hearing on the exceptions based on his request to transfer this lawsuit.

Following oral arguments on March 20, 2024, the trial court denied Mr. O'Dwyer's motion to transfer and continue the hearing on the exceptions. After conducting an evidentiary hearing on that same date, the trial court granted the exceptions of no rights of action and dismissed Mr. O'Dwyer's claims against the public adjuster, Strategic, and several of the lawyer/law firm defendants. The trial

court stated that all other exceptions raised by defendants were moot.[1]  The trial court further explained that the grounds for granting the exceptions of no right of action could not be removed pursuant to La. C.C.P. art. 934, and therefore, dismissed Mr. O'Dwyer's claims against defendants with prejudice.  The trial court entered a written judgment on March 20, 2024.  The trial court also issued written reasons for its judgment on April 23, 2024, providing as follows:

> Assuming that the petition states a valid cause of action, the Court holds that, as to Defendants herein, Plaintiffs Ashton R. O'Dwyer, Jr. and Alexis O'Dwyer Navarro do not belong to the class of persons to whom the law grants the causes of action asserted in the suit. There was no attorney-client relationship or engagement agreement between Plaintiffs Ashton R. O'Dwyer, Jr. and Alexis O'Dwyer Navarro and any of Defendants herein. Plaintiffs have no right of action as to causes of action arising from an attorney-client relationship with Defendants or legal representation by Defendants. Plaintiffs have no right of action as to the claims asserted against Defendants Strategic Claim Consultants, LLC and Brandon Lewis, individually, as Plaintiffs did not have a contract with Defendants Strategic Claim Consultants, LLC and Brandon Lewis, individually, and Plaintiffs were not clients of and did not receive services from Defendants Strategic Claim Consultants, LLC and Brandon Lewis, individually. The evidence does not show any right of action of Plaintiffs as third-party beneficiaries or primary intended beneficiaries of the services of any of Defendants herein or of a contract or policy under which services were provided. Plaintiffs are not a member of the class that has a legal interest in the subject matter of the litigation.

Mr. O'Dwyer filed a timely motion for devolutive appeal, which the trial court granted on April 3, 2024.

**DISCUSSION**

### *Motion to Transfer*

We first address Mr. O'Dwyer's claim that the trial court erred by failing to transfer his individual claims in this matter to Division H of the 24th Judicial District Court for "ultimate consolidation" with a class action proceeding, *AVMI, L.L.C., et al. v. Metairie Towers Condominium Association, Inc., et al.*, No. 839-979.  Shortly before the hearing date on the exceptions at issue in this proceeding,

---

[1] In addition to the exceptions of no right of action, some defendants also raised exceptions of no cause of action, peremption, and vagueness.

Mr. O'Dwyer filed a motion to transfer this case pursuant to Rule 9.4 of the Rules for Proceedings in District Courts. He also requested a continuance of the hearing date on the pending exceptions in view of the requested transfer. According to the parties, the class action litigation involves negligence, detrimental reliance and breach of fiduciary duty claims, brought by and on behalf of unit owners, against the MTCA, its Board of Directors, as well as various insurers, consultants and management companies, arising from the procurement of insurance and the handling of insurance claims, insurance proceeds, and repairs of the Metairie Towers condominium complex following Hurricane Ida. While the public adjuster, Strategic, is a party to the class action litigation, it does not include any of the attorneys or other individuals named as parties in the present matter.

Rule 9.4(b) provides that "all subsequent actions asserting the same claim by the same parties . . . shall be transferred to the division to which the first case filed was allotted, whether or not the first case is still pending." While some overlap exists, the parties do not dispute that the current matter and the class action litigation do not involve the same claims by the same parties. Consequently, Rule 9.4(b) does not apply in this case.

Further, La. C.C.P. art. 253.2, which is the governing provision applicable to the motion to transfer, only allows the transfer of a case to another division in the same court when "agreed to by all parties, or unless it is being transferred to effect a consolidation pursuant to Article 1561." Article 253.2 further provides that "the supreme court, by rule, may establish uniform procedures for reassigning cases under circumstances where an expeditious disposition of the cases may be effectuated." Mr. O'Dwyer does not dispute that defendants did not consent to a transfer, and that there is no order for consolidation in the class action. Further, he does not point to any Supreme Court rule allowing a transfer of this case.

24-CA-277 4

Accordingly, the trial court did not err in denying Mr. O'Dwyer's motion to transfer.

### *Exceptions of No Right of Action – Attorneys Hired By The MTCA Board of Directors*

We next address Mr. O'Dwyer's assignments of error asserting that the trial court erred by granting the exceptions of no right of action in favor of certain attorneys hired by the Board of Directors to represent the MTCA and dismissing his legal malpractice claims against them.

The exception of no right of action is a peremptory exception, the function of which is to have an action declared legally nonexistent or barred by law and tends to dismiss or defeat the action. La. C.C.P. arts. 923 and 927. An exception of no right of action assumes that the petition states a valid cause of action and tests whether the plaintiff has the capacity or legal interest in judicially enforcing the right asserted. *Kreb, Lasalle, Lemieux Consultants, Inc. v. G.E.C., Inc.*, 16-24 (La. App. 5 Cir. 7/27/16), 197 So.3d 829, 831. When the facts alleged in the petition provide a remedy under the law to someone, but the plaintiff who seeks the relief is not the person in whose favor the law extends the remedy, the proper objection is no right of action, or want of interest in the plaintiff to institute the suit. *Howard v. Administrators of Tulane Educational Fund*, 07-2224 (La. 7/1/08), 986 So.2d 47, 59.

Whether a plaintiff has a right of action is a question of law subject to *de novo* review. *Wallace C. Drennan, Inc. v. Kerner*, 21-664 (La. App. 5 Cir. 8/17/22), 348 So.3d 194, 199. The party raising the exception has the burden of proving the exception. *Roubion Shoring Company, LLC v. Crescent Shoring, LLC*, 16-540 (La. App. 5 Cir. 5/17/17), 222 So.3d 921, 925. Evidence is admissible in support of the exception of no right of action. La. C.C.P. art. 931. In instances when evidence has been introduced at the hearing on a peremptory exception, the

trial court's findings of fact are subject to the manifest error-clearly wrong standard of review. *State ex rel. Caldwell v. Molina Healthcare, Inc.*, 18-1768 (La. 5/8/19), 283 So.3d 472, 477.

## J. Bartholomew Kelly, III and Alvendia, Kelly & Demarest, LLC

Defendants, J. Bartholomew Kelly, III, and his law firm, Alvendia, Kelly & Demarest, LLC (the "AKD defendants"), contend that the Board of Directors hired them to represent the MTCA to recover insurance proceeds for damages that the condominium complex sustained following Hurricane Ida. In response to Mr. O'Dwyer's petition, the AKD defendants filed exceptions of no right of action, peremption, no cause of action, and vagueness seeking dismissal of the legal malpractice claims filed against them by Mr. O'Dwyer. As previously explained, the trial court granted the exceptions of no right of action and dismissed all of Mr. O'Dwyer's claims against the AKD defendants based on its finding that Mr. O'Dwyer did not have an attorney-client relationship with them and did not enjoy third-party beneficiary status.

In order to prevail on a legal malpractice claim, the plaintiff bears the burden of proving: (i) an attorney-client relationship; (ii) the attorney was negligent in his representation of the client; and (iii) that negligence caused the plaintiff loss. *Costello v. Hardy*, 03-1146 (La. 1/21/04), 864 So.2d 129, 138. The plaintiff bears the burden of proof of each of these elements. *Id.* Failure to prove one of these elements is fatal to the claim. *Willis v. Meilleur*, 11-705 (La. App. 5 Cir. 5/31/12), 96 So.3d 1259, 1270, *writ denied*, 12-2078 (La. 11/16/12), 102 So.3d 42.

An attorney-client relationship is a threshold requirement for a legal malpractice action. *Barkerding v. Whittaker*, 18-415 (La. App. 4 Cir. 12/28/18), 263 So.3d 1170, 1181, *writ denied*, 19-166 (La. 4/8/19), 267 So.3d 607. Even though the question of whether an attorney-client relationship exists turns largely on one's subjective belief that it does, a person's subjective belief that an attorney

represents him must be reasonable under the circumstances, and must have been induced by the attorney. *Murphy v. MKS Plastics, L.L.C.*, 19-1485 (La. App. 1 Cir. 9/21/20), 314 So.3d 65, 71, *writ denied*, 20-1225 (La. 12/22/20), 307 So.3d 1041. The requirement that the belief be reasonable is an objective standard. *Id.* For this reason, an attorney-client relationship cannot exist in the absence of some initial communication – verbal, written, or otherwise – between the attorney and the client. *Id.*

In *Barkerding*, *supra*, a plaintiff-member of a limited liability company sued his company's lawyers for legal malpractice in connection with the development and funding of the plaintiff's invention and company. The trial court found an implied attorney-client relationship existed with the individual plaintiff. However, the Fourth Circuit reversed, finding that the individual's belief that he was represented by the company's attorney was unreasonable because the defendant lawyers executed an engagement letter only with the LLC, the lawyer expressly identified the LLC as the client throughout the representation, and the individual did not present any evidence to establish that he was represented by the defendant lawyers. *Id*. at 1186. The Fourth Circuit further recognized that Louisiana Rule of Professional Conduct 1.13(a) provides that a lawyer retained by an organization "represents the organization acting through its duly authorized constituents." *Id.*

At the hearing on the exceptions, Mr. O'Dwyer acknowledged that he did not enter into an engagement letter and did not have a contract for services with the AKD defendants or any other lawyers that he named as defendants in his petition for damages. He further stated that he revoked any authority that he may have believed the MTCA's attorneys had to act on his behalf. Despite these assertions, Mr. O'Dwyer argued before the trial court and now on appeal, that as a unit owner, an attorney-client relationship exists between him and the attorney defendants by "operation of law." He more specifically argues that this relationship exists based

on the Louisiana Condominium Act, La. R.S. 9:1121.101, *et seq.*, as well as the "condominium documents," including the MTCA's articles of incorporation, declaration, and by-laws.[2] He contends that the condominium documents provide that the MTCA is a nonprofit corporation created solely for the use and benefit of the condominium unit owners. He further argues that the unit owners, rather than nonprofit corporation, own all of the insured property.

We first observe that Mr. O'Dwyer did not introduce any of the "condominium documents" into evidence. While he attached copies of these documents, as well as others, to his oppositions to the exceptions of no right of action, he did not introduce these documents into evidence at the hearing. We recognize that during the March 20, 2024 hearing, Mr. O'Dwyer stated that his "papers" are "verified and in effect my affidavits."[3] But he did not ask to introduce any "verified" pleadings, memoranda, or exhibits into evidence. Courts cannot consider evidence that has not been properly and officially offered and introduced, even if it is physically placed in the record. *Denoux v. Vessel Mgmt. Servs., Inc.*, 07-2143 (La. 5/21/08), 983 So.2d 84, 88. Documents that are attached to memoranda but not formally introduced are not evidence. *Id*.

Mr. O'Dwyer also cites to La. C.C.P. art. 853 in his petition, memoranda, and appellate brief as a basis to incorporate attached exhibits into the filing. La. C.C.P. art. 853 provides that a "copy of any written instrument that is an exhibit to

---

[2] Mr. O'Dwyer cites specifically to La. R.S. 9:1121.103(8) from the Louisiana Condominium Act, which defines that term "Association of unit owners" or "association" as "a corporation, or unincorporated association, owned by or composed of the unit owners and through which the unit owners manage and regulate the condominium."

He also cites to La. R.S. 9:1123.101 which provides as follows regarding the membership of the association:

> The membership of the association at all times shall consist exclusively of all the unit owners or, following termination of the condominium, of all former unit owners entitled to distributions of proceeds under Section 1122.112, or their heirs, successors, or assigns. The association shall be organized as a profit or nonprofit corporation, or as an unincorporated association.

[3] Mr. O'Dwyer's petition and opposition briefs contain verifications at the end of the documents that are signed by Mr. O'Dwyer, but the verifications are not notarized.

a pleading is a part thereof." However, pleadings and attachments to motions are not evidence. *See Andrews v. Marts*, 22-576 (La. App. 1 Cir. 11/15/22), 356 So.3d 1059, 1062-63. The attachments are simply part of the pleadings. *Id.* at 1063. Furthermore, an opposition memorandum is not a pleading recognized under the Louisiana Code of Civil Procedure. *See M.J. Farms, Ltd. v. Exxon Mobil Corp.*, 07-450 (La. 4/27/07), 956 So.2d 573, 574. Therefore, even though the "condominium documents" Mr. O'Dwyer refers to were attached to his opposition briefs, we cannot consider them because they were never formally introduced and admitted.

Regardless, we agree with the AKD defendants that Mr. O'Dwyer has no right of action against them because Mr. O'Dwyer admitted that he did not enter into an agreement with these defendants. In addition, we find that there is no evidence to establish that Mr. O'Dwyer could have reasonably believed that he had an attorney-client relationship with the AKD defendants. Thus, we find that the trial court did not err in finding that Mr. O'Dwyer failed to meet his burden to establish the threshold issue of an attorney-client relationship.

Mr. O'Dwyer alternatively argues that he has a right of action against the AKD defendants because he is a third-party beneficiary of their representation of the MTCA. La. C.C. art. 1978 provides that a "contracting party may stipulate a benefit for the third person called a third party beneficiary." Such a contract is commonly referred to as a stipulation *pour autrui* in Louisiana. *Joseph v. Hosp. Service Dist. No. 2 of Parish of St. Mary*, 05-2364 (La. 10/15/06), 939 So.2d 1206, 1211. The Louisiana Civil Code does not provide an "analytic framework for determining whether a third-party beneficiary contract exists" in a particular case. *Id*. at 1212. The Louisiana Supreme Court, however, has held that there are three criteria for determining whether contracting parties have provided a benefit for a third party and requires a review of whether: (1) the stipulation for a third party is

manifestly clear; (2) there is certainty as to the benefit provided the third party; and (3) the benefit is not a mere incident of the contract between the promisor and the promisee. *Id.*

Pursuant to La. C.C. art. 1981, "[t]he stipulation gives the third party beneficiary the right to demand performance from the promisor." Each case must be decided on a case-by-case basis, and "[e]ach contract must be evaluated on its own terms and conditions in order to determine if the contract stipulates a benefit for a third person." *Joseph*, 939 So.2d at 1212. A stipulation for the benefit of a third party is never presumed, and the party claiming the benefit bears the burden of proof. *Id.* "The most basic requirement of a stipulation *pour autrui* is that the contract manifests a clear intention to benefit the third party; absent such a clear manifestation, a party claiming to be a third-party beneficiary cannot meet his burden of proof." *Id.*

Mr. O'Dwyer again turns to the "condominium documents" and the fact that the unit owners, rather than the MTCA, owned the insured property to argue that he and the other unit owners are the third-party beneficiaries of the professional services provided by the lawyers hired to represent the MTCA. However, even if the "condominium documents," to which the AKD defendants were not a party, were properly introduced into evidence, Mr. O'Dwyer does not argue that they serve to define an attorney-client relationship or manifest a clear intention that the future legal services of any attorney hired by the Board of Directors shall be for the benefit of the unit owners as members of the MTCA. Further, we do not find that these pre-existing documents can serve to establish Mr. O'Dwyer as a third-party beneficiary of an engagement agreement with the MTCA's attorneys simply because they purportedly mention that the purpose of creating the MTCA was for "the use and benefit of the condominium unit owners." There is no evidence that

the agreement between the MTCA and the AKD defendants manifests a clear intention to benefit Mr. O'Dwyer.

Despite this lack of evidence, Mr. O'Dwyer urges this Court to follow the Louisiana Supreme Court's decision in *Maggio v. Parker*, 17-1112 (La. 6/27/18), 250 So.3d 874. However, the *Maggio* case provides no guidance in the present matter because it involved an analysis of whether language in a settlement agreement entered into by an employee releasing "all other persons, firms, or corporations who are or might be liable" served to benefit the employer and employer's insurer as third-party beneficiaries. *Id.* at 880.

Mr. O'Dwyer also cites to *Speedee Oil Change No. 2, Inc. v. Nat'l Union Fire Ins. Co.*, 444 So.2d 1304, 1307 (La. App. 4th Cir. 1984). This matter is also inapposite because it involved a legal malpractice suit where the issue was whether a corporation had the right to recover against the attorney's insurer for incorrect advice the attorney provided to an incorporator regarding certain actions the corporation should take in the future to exercise an option to extend a lease. The insurer argued that the corporation did not have a right of action because it was not in existence at the time the attorney provided the advice. The appellate court confirmed that the corporation was a third-party beneficiary of the advice because the evidence introduced established that the attorney was assisting in the formation of the corporation, the attorney understood the legal advice he provided was for the benefit of the corporation, and the corporation accepted the stipulation in its favor by acting on the attorney's advice. *Id.*

As explained above, Mr. O'Dwyer does not provide any evidence of a clear intent to benefit him and does not cite to any precedent extending third-party beneficiary status to members of a condominium association in a scenario similar to this matter. Accordingly, we do not find that the trial court abused its discretion

by finding that Mr. O'Dwyer does not enjoy third-party beneficiary status in this matter.

**Charles E. Sutton, Jr. and Sutton Law Firm, LLC**

Defendants, Charles E. Sutton, Jr. and Sutton Law Firm, LLC (the "Sutton defendants") also filed a similar exception of no right of action arguing that Mr. O'Dwyer did not have a right of action to sue them for legal malpractice because they did not have an attorney client relationship with Mr. O'Dwyer. At the hearing on the exception of no right of action, Mr. Sutton introduced his affidavit into evidence. In this affidavit, he explained that the MTCA retained his services in May 2022 to assist in collection efforts. In September 2022, Mr. Sutton was hired to serve as General Counsel for the MTCA. Mr. Sutton states that he never represented Mr. O'Dwyer, or any other unit owners or individual members of the MTCA. He further explains that he had no involvement in prosecuting and settling the MTCA's claims against Lloyd's following Hurricane Ida because the MTCA retained separate counsel to handle that litigation. He also stated that he had no involvement with the selection of contractors and the contracts entered into by the MTCA for the Hurricane Ida repairs. He claimed that when he had any dealings with a constituent unit owner or individual member, he always represented that his client was the MTCA and not the constituent unit owners or individual members of the MTCA. Sutton also introduced evidence to establish that the MTCA is a Louisiana non-profit corporation.

Mr. O'Dwyer raises the same arguments discussed above with respect to the AKD defendants – that an attorney-client relationship exists by operation of law based on the condominium documents and Louisiana Condominium Act, and alternatively, that he is a third-party beneficiary of the MTCA's contract with the Sutton defendants. Therefore, for the same reasons discussed above, we find that the trial court did not err by granting the exception of no right of action in favor of

the Sutton defendants. The trial court did not err in finding that Mr. O'Dwyer failed to meet his burden to establish the threshold issue of an attorney-client relationship. In addition, the trial court did not err in determining that Mr. O'Dwyer does not enjoy third-party beneficiary status with respect to these defendants.

### *Exception of No Right of Action – Jack K. Whitehead, Jr.*

In his exception, defendant Jack K. Whitehead, Jr. argued that Mr. O'Dwyer has no right of action against him because he did not have an attorney-client relationship with either Mr. O'Dwyer or the MTCA. Mr. Whitehead explained in his affidavit, which was introduced into evidence at the hearing on the exceptions, that he is an attorney who represents one of the other parties named as a defendant by Mr. O'Dwyer – a disaster response contractor, Advanced Property Restoration Systems, LLC ("APRS").[4] Mr. Whitehead stated that after Hurricane Ida, he recommended to APRS that it contact the MTCA Board of Directors about providing its services. Mr. Whitehead explained that he played no part in the process by which the Board of Directors chose contractors to perform work at Metairie Towers, and played no part in its decision to enter into a contract with APRS.

He further avers that he was not involved on behalf of the Board of Directors or the MTCA in any contract management or oversight of any Hurricane Ida cleanup, renovation, restoration, remediation, recovery, or litigation. He contends that at all material times, he represented the interests of APRS and was compensated by APRS for legal services he provided to that client. He also states that he never represented the MTCA, Mr. O'Dwyer, or any other unit owner. As explained above, the trial court granted Mr. Whitehead's exception of no right of

---

[4] Mr. Whitehead also stated that he owns one of the units at Metairie Towers.

action based on its finding that no attorney-client relationship existed between Mr. O'Dwyer and Mr. Whitehead.

At the March 20, 2024 evidentiary hearing and now on appeal, Mr. O'Dwyer argued that Mr. Whitehead and the trial court misconstrued his claims against Mr. Whitehead. Mr. O'Dwyer argued that he did not sue Mr. Whitehead for legal malpractice as a lawyer. Rather, he argues in his appellate brief that he sued Mr. Whitehead in his capacity "as an alter ego of, joint venturer with, co-conspirator of, and joint tortfeasor with his long-time clients, the prime contractor for the Metairie Towers repair project, Advanced Property Restoration Services, LLC, and its owner, Jason Houp." At the hearing, he further explained that he sued Mr. Whitehead because he wanted to see what Mr. Whitehead billed APRS and Mr. Houp "during the past two-plus years."

Mr. Whitehead argues in response in his appellate brief that the 61-page petition for damages filed by Mr. O'Dwyer in this matter includes only a handful of conclusory allegations against him, including:

> In Paragraph VII, O'Dwyer cites the Louisiana Rules of Professional Conduct as being applicable to Whitehead;
>
> In Paragraph XVI, O'Dwyer admits that Whitehead had an attorney-client relationship with its client, Advanced Property Restoration Services, L.L.C.
> * * *
> In Paragraph XX, O'Dwyer alleges that the MTCA Board 'did not properly vet either APRS or its owner, Houp, or his lawyer, Whitehead . . .', and,
>
> In Paragraph XXII, O'Dwyer alleges that 'contractual arrangements [] may exist by, between and among APRS, Houp, Whitehead and his PLC . . .'[5]

We agree with Mr. Whitehead that despite Mr. O'Dwyer's conclusory arguments to the contrary, the allegations in the petition reflect that Mr. O'Dwyer is suing Mr. Whitehead in his capacity as a lawyer and arising from his

---

[5] We further observe that Mr. O'Dwyer references in his petition unrelated litigation filed in other courts in which Mr. Whitehead represented APRS.

representation of his client, APRS. However, Mr. O'Dwyer does not provide any factual or legal justification to explain how he has a right of action to sue Mr. Whitehead arising out of his attorney-client relationship with APRS. In addition, Mr. O'Dwyer did not introduce any evidence or provide any further explanation regarding his allegations against Mr. Whitehead at the evidentiary hearing, other than to state that he wants to gain access to Mr. Whitehead's billing records. Based on the foregoing, we cannot find that the trial court erred in granting the exception of no right of action in favor of Mr. Whitehead.

### *Exception of No Right of Action – Public Adjuster Strategic Claim Consultants, LLC and Brandon Lewis*

Defendants Strategic Claim Consultant, LLC ("SCC") and Brandon Lewis (the "SCC defendants") argue that SCC was retained by the MTCA through the board of directors to serve as a public adjuster to assist with the insurance claim. In their exception of no right of action, the SCC defendants argue that Mr. O'Dwyer erroneously contends that they owed a fiduciary duty to the units owners because they are the purported beneficiaries of the services provided. The SCC defendants contend that Mr. O'Dwyer does not have a right of action against them because they did not enter into a contract with him or any other unit owner. They also contend that there is "no express *stipulation pour autrui*" for the unit owners in the contract with MTCA.

To support their argument, the SCC defendants contend that the public adjusting statute, La. R.S. 22:1706(A), clearly establishes that a public adjuster only owes a duty to the insured:

> A public adjuster is obligated, under his license, to serve with objectivity and complete loyalty **to the interest of his insured alone** and to render to the insured such information and service, as within the knowledge, understanding, and good faith of the licensee, as will best serve the insured's insurance claim needs and interest. [Emphasis added.]

The parties do not dispute that the MTCA is the insured named in the property insurance policy issued by Lloyd's. In addition, the SCC defendants contend that to represent both the insured, the MTCA, and the individual unit owners would create irreconcilable conflicts of interest for the public adjuster, as the parties could potentially have conflicting interests in the insurance claim. As a result, SCC contends that it was effectively prohibited by Louisiana law from entering into a contract with the unit owners after it was retained by the MTCA.

On appeal, Mr. O'Dwyer raises the same arguments discussed above with respect to the lawyer defendants – that a contractual relationship exists by operation of law based on the condominium documents and Louisiana Condominium Act, and alternatively, that he is a third-party beneficiary of the MTCA's contract with the SCC defendants. However, based on the plain language of La. R.S. 22:1706 cited above, we cannot find that the trial court erred in granting the exception of no right of action. Nothing in the statute suggests that a public adjuster's duty extends beyond the duty owed to the insured (the MTCA) alone. In addition, Mr. O'Dwyer does not cite to any case or other legal grounds to support his argument that the Louisiana Condominium Act or the condominium documents creates a contractual or client relationship between him as a unit owner and the public adjuster. He also provides no evidence and cites to no legal authority that would render him a third-party beneficiary of a contract between the MTCA and SCC.

### *Amendment of the Petition Would Be Futile*

Lastly, Mr. O'Dwyer argues that the trial court erred by not granting him leave to amend his petition to establish his rights against all of the defendants at issue on appeal pursuant to La. C.C.P. art. 934. But Mr. O'Dwyer only makes general arguments that he should be allowed leave to amend without explanation as to any potential amendments that would salvage his claims against any of the

24-CA-277                                            16

defendants dismissed by the trial court.  This provision states though that a trial court shall only allow an amendment "[w]hen the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition."  We find that an amendment cannot cure the objections.

Accordingly, we do not find that the trial court erred by denying Mr. O'Dwyer leave to amend his petition with respect to any of the defendants at issue in this appeal.

**CONCLUSION**

For the reasons explained above, we affirm the trial court's March 20, 2024 judgment denying Mr. O'Dwyer's motion to transfer, granting the exceptions of no right of action filed by defendants, J. Bartholomew Kelly, III, Alvendia, Kelly & Demarest, LLC, Charles E. Sutton, Jr., Sutton Law Firm, LLC, Jack K. Whitehead, Jr., Strategic Claim Consultants, LLC, and Brandon Lewis, and dismissing Mr. O'Dwyer's claims against them with prejudice.

**AFFIRMED**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**JANUARY 29, 2025** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES
NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

# 24-CA-277

## E-NOTIFIED

24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE STEPHEN D. ENRIGHT, JR. (DISTRICT JUDGE)
BRANDI F. ERMON (APPELLEE)          JEFFREY K. PRATTINI (APPELLEE)          MICHAEL D. LANE (APPELLEE)
EDWARD W. TRAPOLIN (APPELLEE)       GUS A. FRITCHIE, III (APPELLEE)         J. ANDREW MIERAS (APPELLEE)
KATHRYN W. MUNSON (APPELLEE)        RICHARD C. STANLEY (APPELLEE)           LORI D. BARKER (APPELLEE)

## MAILED

ASHLEY E. BANE (APPELLEE)
VICTORIA E. PITRE (APPELLEE)
ATTORNEYS AT LAW
1100 POYDRAS STREET
SUITE 1800
NEW ORLEANS, LA 70163

HEATHER S. DUPLANTIS (APPELLEE)
KEVIN W. WELSH (APPELLEE)
VIRGINIA Y. DODD (APPELLEE)
ATTORNEYS AT LAW
400 CONVENTION STREET
SUITE 1100
BATON ROUGE, LA 70802

ALEXIS O'DWYER NAVARRO  (APPELLEE)
1116 MONTICELLO AVENUE
JEFFERSON, LA 70121

CHRISTOPHER H. IRWIN (APPELLEE)
ATTORNEY AT LAW
400 POYDRAS STREET
SUITE 2700
NEW ORLEANS, LA 70130

ASHTON R. O'DWYER, JR.  (APPELLANT)
2829 TIMMONS LANE
UNIT 143
HOUSTON, TX 77027

ANDRE C. GAUDIN (APPELLEE)
CRAIG J. CANIZARO (APPELLEE)
ATTORNEY AT LAW
5213 AIRLINE DRIVE
METAIRIE, LA 70001