SUSAN M. CHEHARDY, Chief Judge.
[2The plaintiff appeals a judgment that granted the defendant’s exceptions of no right of action and no cause of action. We reverse and remand.
STATEMENT OF THE CASE
In July 2011, Westchester Surplus Lines Insurance Company (“Westchester”) filed suit against Pacorini Metals, USA, L.L.C. (“Pacorini”), for damage to a warehouse owned and managed by Westchester’s insureds, Edwards Avenue Partners (“EAP”) and Transportation Consultants, Inc. (“TCI”). Westchester alleged that Pacorini damaged the property through intentional fault or gross negligence and that Westchester, after having paid TCI and EAP for their damages, was conventionally subrogated to the insureds’ rights against Pacorini. The petition alleged as follows:
TCI is a trucking and warehousing business in Jefferson Parish. EAP is a company formed to be a holding entity for a warehouse located at 1000 Edwards Avenue, Harahan, Louisiana. EAP leases portions of the warehouse to TCI, in which TCI’s offices are located, and TCI manages the warehouse from those offices.
On January 29, 2010, EAP entered into a Net Commercial Lease Agreement with Pacorini for 111,033 square feet of space at the Edwards Avenue warehouse. |sPacorini intended to use the space to store bulk aluminum. Among the provisions in the lease was a section titled “Floor Load Limit” that required Pacorini to limit its storage of bulk aluminum to 1,250 pounds per square foot of building area. That provision stated further that “in the event the slab subsides solely as a result of LESSEE’S exceeding the Established Floor Load Limit, LESSOR may require that LESSEE, at LESSEE’S expense, make necessary repairs to the building slab.”
On July 24, 2010, a below-ground sprinkler system in the portion of the warehouse leased to Pacorini broke as a result of overloading of the floor and foundation by Pacorini -with its aluminum ingots and bars. The petition alleged that Pacorini had placed a load on the floor that exceeded 2,475 pounds per square foot.
At all times pertinent, Westchester had in effect an insurance policy issued to TCI, under which EAP was an additional loss payee as owner of the warehouse. West-chester paid to or on behalf of TCI and EAP $1,852,209.80, representing the cost of repairing the damage to the warehouse caused by the overloading of the floor by Pacorini.
Westchester asserted that under the terms of the insurance contract between it and TCI, and the principles of conventional subrogation, Westchester is entitled to recover from Pacorini all sums it paid to or on behalf of TCI and EAP.
The petition asserted claims against Pa-corini for breach of lease, and for gross negligence and intentional fault. West-chester subsequently filed a supplemental and amending petition that added a cause of action for legal subrogation.
Pacorini answered Westchester’s suit and filed a third-party demand against TCI, seeking to have TCI and EAP hold harmless, defend, and indemnify Pacorini against Westchester’s claims. Pacorini also sought rescission of the lease and 14refund of all lease payments, alleging that the warehouse was not suitable for the storage of bulk metals with a maximum *448 floor load of 1,250 pounds per square foot, as promised in the lease.
Pacorini filed combined exceptions of no right of action and no cause of action to Westchester’s petition. Pacorini asserted that Westchester “has no right or cause of action” to pursue a breach of contract and gross negligence claim as subrogee of TCI and EAP because the lease contained a waiver of subrogation clause, “and West-chester specifically authorized and approved the waiver of subrogation clause in the insurance policy under which it claims subrogation rights in this case.” Pacorini asserted that in the waiver of subrogation clause, both parties agreed to waive liability to each other for losses arising from damage to the leased premises, and they agreed that their insurance carriers would not be entitled to subrogation under any circumstances against any party to the lease.
That clause states:
22. WAIVER OF SUBROGATION: Neither the LESSOR nor the LESSEE shall be liable to the other for the loss arising out of the damage to or destruction of the Leased Premises, or the building or improvements of which the Leased Premises are a part thereof, when such loss is caused by any of the perils which are or could be included within or are insured against by a standard form of fire insurance with extended coverage, including sprinkler leakage insurance, if any. All such claims for any and all such loss, however caused, hereby are waived. Said absence of liability shall exist whether or not the damage or destruction is caused by the negligence of either LESSOR or LESSEE or by any of their respective agents, servants or employees. It is the intention and agreement of the LESSOR and the LESSEE that the rentals reserved by this Lease have been fixed in contemplation that each party shall fully provide his own insurance protection at his own expense and that each party shall look to his respective insurance carriers for reimbursement of any such loss, and further, that the insurance carriers shall not be entitled to subrogation under any [ ¡¡circumstances against any party to this Lease. Neither the LESSOR nor the LESSEE shall have any interest or claim in the other’s insurance policy of policies, or the proceeds thereof, unless specifically covered therein as a joint assured. [Emphasis added.]
In support of its argument that West-chester has no cause of action or right of action, Pacorini relies on Lifecare Hospitals of New Orleans, L.L.C. v. Lifemark Hospitals of Louisiana, Inc., 07-914 (La.App. 5 Cir. 4/15/08), 984 So.2d 894. In Lifecare Hospitals, this Court dismissed on summary judgment an intervention by a tenant’s property insurer who claimed subrogation rights. The dismissal was based on a lease between the insured tenant and the landlord that contained a waiver of subrogation clause.
In this ease, after a hearing, the trial court took the matter under advisement and later rendered judgment in favor of Pacorini, granting both exceptions. The court did not issue reasons for the judgment. During the hearing, however, the judge mentioned the Lifecare Hospitals case.
ARGUMENTS AND ANALYSIS

No Cause of Action

On appeal, Westchester argues, “The waiver of subrogation is nothing more than *449 an affirmative defense to Westchester’s claim, and the mere existence of an affirmative defense has no bearing on the question of whether the petition states a cause of action. The district court’s decision to sustain Pacorini’s exception of no cause of action must therefore be reversed.”
The function of the exception of no cause of action is to question whether the law extends a remedy to anyone under the factual allegations of the petition. Louisiana Paddlewheels v. Louisiana Riverboat Gaming Comm’n, 94-2015, p. 5 n. 3 (La.11/30/94), 646 So.2d 885, 888 n. 3. The exception of no cause of action tests the legal sufficiency of the petition by determining whether the law affords a remedy on the facts alleged in the pleading. Everything on Wheels Subaru, Inc. v. Subaru South, Inc., 616 So.2d 1234, 1235 (La.1993).
“No evidence may be introduced at any time to support or controvert the objection that the petition fails to state a cause of action.” La. C.C.P. art. 931.
“The exception is triable on the face of the papers and for the purposes of determining the issues raised by the exception, the well-pleaded facts in the petition must be accepted as true.” Fink v. Bryant, 2001-0987, p. 4 (La.11/28/01), 801 So.2d 346, 349.
“The burden of demonstrating that no cause of action has been stated is upon the mover or exceptor. In deciding the exception of no cause of action, the court must presume all factual allegations of the petition to be true and all reasonable inferences are made in favor of the non-moving party.” City of New Orleans v. Bd. of Comm’rs of Orleans Levee Dist., 93-0690, p. 28 (La.7/5/94), 640 So.2d 237, 253.
In reviewing a trial court’s ruling sustaining an exception of no cause of action, the appellate court should subject the case to de novo review because the exception raises a question of law and the lower court’s decision is based only on the sufficiency of the petition. Id.
“[A]n exception of no cause of action must be overruled unless the allegations of the petition exclude every reasonable hypothesis other than the premise upon which the defense is based; that is, unless plaintiff has no cause of action under any evidence admissible under the pleadings.” Haskins v. Clary, 346 So.2d 193, 195 (La.1977).
Pacorini argues that the waiver of subrogation in the lease between Pacorini and TCI/EAP should prevent Westches-ter’s recovery. This argument impermissi-bly relies on extrinsic evidence, and thus it fails. The waiver of 17subrogation is an affirmative defense to Westchester’s claim and, as such, it cannot determine whether the petition states a cause of action.
Confining our de novo review to the original petition and the supplemental and amending petition, we see that West-chester alleged its subrogation rights arose through both conventional and legal subrogation. Its conventional subrogation rights arose pursuant to the terms of the insurance policy between Westchester and TCI, and its legal subrogation rights arose when Westchester paid the debt it owed along with Pacorini (Westchester owed the debt pursuant to its insurance policy issued to TCI to cover damage to its warehouse, and Pacorini owed the debt because it caused the damage to TCI’s warehouse).
If we assume the truth of these facts as pleaded, and consider no extrinsic evidence — as we must — it is clear that West-chester’s petition is sufficient as a matter of law to state a cause of action in subroga *450 tion against Pacorini. The district court’s decision to sustain Pacorini’s exception of no cause of action must therefore be reversed.

No Right of Action

Appellate courts review an exception of no right of action de novo. First Bank and Trust v. Duwell, 10-481 (La. App. 5 Cir. 12/14/10), 57 So.3d 1076, 1078, writ denied, 2010-2826 (La.2/11/11), 56 So.3d 1005; 3218 Magazine, L.L.C. v. Lloyds of London, 08-727 (La.App. 5 Cir. 2/25/09), 10 So.3d 242, 243.
“[A]n action can only be brought by a person having a real and actual interest which he asserts.” La. C.C.P. art. 681. The exception of no right of action is designed to test whether the plaintiff has a real and actual interest in the action. La. C.C.P. art. 927(5). The function of the exception of no right of action is to determine whether the plaintiff belongs to the class of persons to whom the law grants the cause of action asserted in the suit. Babineaux v. Pernie-Bailey Drilling Co., 261 La. 1080, 262 So.2d 328 (1972).
The exception of no right of action assumes that the petition states a valid cause of action for some person and questions whether the plaintiff in the particular case has a legal interest in the subject matter of the litigation. Louisiana Paddlewheels, 94-2015 at 4-5, 646 So.2d at 888.
Under the facts asserted in Westchester’s petition as recited above, Westchester, as subrogee of its insureds, clearly has a right of action against Pacori-ni. Pacorini’s exception of no right of action merely states a defense to enforcement of the right. “An exception of no right of action may not be brought to urge a defense to the effect that the plaintiff is without an interest because the defendant has a defense to the plaintiffs action.” Pinegrove Elec. Supply Co., Inc. v. Cat Key Const., Inc., 11-660, p. 7-8 (La.App. 5 Cir. 2/28/12), 88 So.3d 1097, 1102.
Without expressing any opinion as to the merits of Westchester’s' claim against Pa-corini or Pacorini’s defenses thereto, we find that Westchester has a right of action against Pacorini pursuant to the laws of subrogation.
Accordingly, the trial court erred in granting the exception of no right of action.
DECREE
For the foregoing reasons, the judgment granting the exceptions of no cause of action and no right of action is reversed. The matter is remanded for further proceedings. Costs of this appeal are assessed against the appellee, Pacorini Metals, USA, L.L.C.

REVERSED AND REMANDED.