MURPHY, J.
| plaintiffs, Roubion Shoring Co., LLC and Roubion Construction Co., LLC, (hereinafter “Roubion”), have appealed the trial court’s grant of defendant, Roland Rodney’s exceptions of No Cause of Action, No Right of Action and Prescription. For the reasons that follow, we vacate the judgment granting the exceptions and remand for further proceedings.
FACTS AND PROCEDURAL HISTORY
After Hurricanes Katrina and Rita, Mr. Rodney, along with numerous other local residents, obtained a grant from the Louisiana State Hazard Mitigation Program to elevate his home. Crescent Shoring, LLC, (“Crescent”), was one of the contractors performing home elevation for homeowners that received grant money to elevate their homes. On January 30, 2009, Mr. Rodney[1] entered into a contract with Crescent Shoring, LLC, (hereinafter “Crescent”), to elevate his home located at *924 3125 Keithway Drive, Harvey, Louisiana; On January 26, 2012, Crescent entered into a contract with Roubion as a subcontractor to assist in performing the work under the contract. Roubion performed services under the subcontractor agreement and although Crescent was paid for much of the work performed by Roubion, Crescent did not pay Roubion.
On April 4, 2013, Roubion filed and recorded liens against several homeowners, including Mr. Rodney, for services rendered by Roubion in connection with elevating the homes. On April 3, 2014, Rou-bion filed a Petition to Enforce Liens against these homeowners, including Mr. Rodney, in a suit bearing 24th Judicial District Court number 737-093. On August 4, 2014, Mr. Rodney filed Exceptions of No Right of Action, No Cause of Action, and Prescription, Improper Cumulation of Actions, and Failure to Include Indispensable Parties. Before- all of |¡¡these exceptions could be heard,[2] this matter was transferred to another division of the 24th Judicial District Court, where it was consolidated with, a suit entitled Roubion v. Crescent Shoring, LLC, bearing 24th Judicial District Court number - 729-195. On December 8, 2015, Mr. Rodney filed a second pleading entitled Exceptions of No Right of Action, No Cause of Action, and Prescription, Improper Cumulation of Actions, and Failure to Include Indispensable Parties. Following a hearing on these motions, in a judgment dated March 16, 2016, the trial court sustained the Exceptions of No Cause of Action, No Right of Action and Prescription, denied the Exception of Improper Cumulation of Actions,[3] and found the Exception of Failure to Include Indispensable Parties to be moot. On March 30, 2016, Roubion filed a Motion for New Trial, arguing that the March 16, 2016 judgment was contrary to law and evidence. Following a hearing, by judgment dated May 18, 2016, the trial court denied the Motion for New Trial. On June 17, 2016, Roubion filed a Motion and Order of Appeal of the May 18, 2016 judgment. The motion was granted that same day.
LAW AND DISCUSSION
Motion for Appeal
Roubion appealed only the judgment rendered May 18, 2016, which was the judgment denying its motion for a new trial. The denial of a motion for new trial is not an appealable judgment absent a showing of irreparable harm. Morrison v. Dillard Dep’t Stores, Inc., 99-2060 (La.App. 1 Cir. 9/22/00), 769 So.2d 742, 744, writ denied, 00-3379 (La. 2/2/01), 784 So.2d 646. However, the Supreme Court has directed us to consider an appeal of the denial of a motion for new trial as an ^appeal of the judgment on the merits as well, when it is clear from the appellant’s brief that he intended to appeal the merits of the case. Smith v. Hartford Acci. & Indem. Co., 254 La. 341, 223 So.2d 826, 828-29 (1969); Fruehauf Trailer Co. v. Baillio, 252 La. 181, 210 So.2d 312, 315 (1968). It is obvious from Roubion’s brief that it intended to appeal the March 16, 2016, judgment sustaining the exceptions of no cause of action, no right of action and prescription, *925 and dismissing its claims with prejudice. Thus, we will treat this appeal accordingly.
No Cause of Action
The function of the peremptory exception of no cause of action is to test the legal sufficiency of the petition, which is done by determining whether the law affords a remedy on the facts alleged in the pleading. Everything on Wheels Subaru, Inc. v. Subaru South, Inc., 616 So.2d 1234, 1235 (La. 1993). Evidence may not be introduced to support or controvert an exception of no cause of action. La. C.C.P. art. 931. Consequently, at the hearing on the motion, the court reviews the petition and any documents attached to the petition, and accepts well-pleaded allegations of fact as true. Girtley v. ACE Am. Ins. Co., 15-397 (La.App. 5 Cir. 12/09/15), 182 So.3d 351, 355. The issue at the trial of the exception is whether, on the face of the petition, the plaintiff is legally entitled to the relief sought. Montalvo v. Sondes, 93-2813 (La. 5/23/94), 637 So.2d 127, 131.
Appellate review of a judgment relating to an exception of no cause of action is de novo because the exception raises a question of law and the lower court’s decision is based solely on the sufficiency of the petition. Fink v. Bryant, 01-0987 (La. 11/28/01), 801 So.2d 346, 349.
In the Petition to Enforce Liens, Roubion alleges that defendants, including Mr. Rodney, were indebted to Roubion for “labor and services and/or materials related to house raising, pile driving, backfill-ing, plumbing and related services and tasks furnished by Roubion” at each property. The petition alleges that' URoubion was a subcontractor for Crescent and that defendants failed to obtain a bond with surety to secure performance of the contract and payment of all subcontractors. The petition further alleges that Crescent failed to pay Roubion the amounts due for work performed on defendants’ houses. The petition goes on to allege that Roubion has a privilege for payment against the property of each defendant and the defendants are personally liable to Roubion for their respective accounts. Finally, the petition states that defendants received a statement from Roubion and had not paid Roubion. Attached to the Petition to Enforce Liens was the lien recorded on each property, including Mr. Rodney’s property. The lien states that Roubion “performed certain labor and services and/or furnished materials in the construction, repair, and improvement of a building on or otherwise related to the following described property” located at 3125 Keithway, Harvey, Louisiana, The lien states .that an amount of $24,937.50 is owed and an invoice from Roubion to Crescent, describing the work as “slab elevation” is attached.
In his Exception of No Cause of Action, Mr. Rodney argues that the lien filed by Roubion does not comply with the Louisiana Private Works Act. Specifically, Mr, Rodney argues that pursuant to La. R.S. 9:4822C, the claim of the holder of a privilege expires if it is not properly preserved. He contends that his house was raised in December of 2012 and according to La. R.S. 9:4822C, Roubion had sixty days after raising the house to file the lien. Thus, the lien filed on April 4, 2013 was untimely.
As explained above, in ruling on an exception of no cause of action, all allegations in-the petition and any attached documents must be accepted as true. Unlike in a motion for summary judgment, evidence may not be introduced in an exception of no cause of action. Thus, Mr. Rodney could not submit evidence that the lien was not timely filed. Accepting the allegations in the Petition to Enforce RLiens and attached documents as. true, Roubion has stated a cause of actio.n against Mr, Rodney for enforcement of the lien. Thus, the *926 trial court erred in sustaining this exception.
No Right of Action
The purpose of the peremptory exception of no right of action is to determine whether a plaintiff has a real and actual interest in an action or belongs to a particular class to which the law grants a remedy for a particular harm alleged. Dufrene v. Insurance Co. of State of Pennsylvania, 01-47 (La.App. 5 Cir. 5/30/01), 790 So.2d 660, 668. The exception of no right of action assumes that the petition states a valid cause of action for some person and questions whether the plaintiff in the particular case has a legal interest in the subject matter of the litigation. Westchester Surplus Lines Ins. Co. v. Pacorini Metals, 13-288 (La.App. 5 Cir. 12/19/13), 131 So.3d 445, 450. The burden of proof of establishing the exception of no right of action is on the exceptor. City of New Orleans v. Board of Directors of Louisiana State Museum, 98-1170 (La. 3/2/99), 739 So.2d 748, 755. The exception of no right of action tests whether the plaintiff has a “real and actual interest” in the action, but it does not raise questions of the plaintiffs ability to prevail on the merits or whether the defendant may have a valid defense. Lemmon Law Firm, LLC v. Sch. Bd. of St. Charles, 13-376 (La.App. 5 Cir. 12/12/13), 131 So.3d 231, 236. At the hearing on the exception of no right of action, the exception may be submitted on the pleadings, or evidence may be introduced either in support of or to controvert the objection raised when the grounds thereof do not appear from the petition. La. C.C.P. art. 931. An appellate court reviewing a lower court’s ruling on an exception of no right of action should focus on whether the particular plaintiff has a right to bring the suit and is a member of the class of persons that has a legal interest in the subject matter of the litigation, assuming the petition states a valid cause of action for some person. Eagle Pipe & Supply, Inc. v. Amerada Hess Corp., 10-2267 (La. 10/25/11), 79 So.3d 246, 256. The determination of whether a plaintiff has a right to bring an action raises a question of law, which requires de novo review. Id.
Given the allegations contained in the Petition to Enforce Liens, Roubion certainly has a real and actual interest in the action and belongs to a particular class to which the law grants a remedy for the particular harm alleged. The burden of proof of establishing that Roubion had no right of action is on Mr. Rodney.
In support of his Exception of No Right of Action, Mr. Rodney repeats the same argument as he raised in his Exception of No Cause of Action, i.e., that according to La. R.S. 9:4822C, Roubion had sixty days after raising his house to file the lien, therefore, the lien filed on April 4, 2013 was untimely because it was filed more than sixty days after Roubion raised his house. Unlike the exception of no cause of action, in an exception of no right of action, evidence may be introduced to support the exception. In his exception, Mr. Rodney argues that the “exhibits filed in this matter support the assertion that the work on Exceptor’s home was concluded on or before December, 2012.” However, the transcript does not indicate that any exhibits were introduced at the hearing on the exception. Thus, none of the documents supporting Mr. Rodney’s claims were properly before the trial court at the hearing on the exceptions. See, Ray Brandt Nissan, Inc. v. Gurvich, 98-634 (La. App. 5 Cir. 01/26/99), 726 So.2d 474, 476. Further, evidence not properly and officially offered and introduced into evidence cannot be considered on appeal, even if it is physically placed in the record. Cao v. Liberty Mut. Ins. Co., 12-954 (La.App. 5 Cir. 05/30/13), 119 So.3d 725, 729. Accord *927 ingly, upon de novo review, we find the trial court erred in granting the Exception of No Right of Action.
^Exception of Prescription
When the exception of prescription is raised in the trial court prior to trial of the case, evidence may be introduced to support or controvert the exception. La. C.C.P. art. 931. If evidence is introduced, the trial court’s findings of fact are reviewed according to the manifest error standard; however, when no evidence is introduced, the appellate court simply determines whether the trial court’s finding was legally correct or incorrect. Weber v. Metro. Cmty. Hospice Found., Inc., 13-0182 (La.App. 4 Cir. 12/18/13), 131 So.3d 371, 375. As stated above, the transcript indicates that no exhibits were offered or accepted into evidence at the hearing on Mr. Rodney’s exceptions. Evidence not properly and officially offered and introduced cannot be considered, even if it is physically placed in the record. Denoux v. Vessel Mgmt. Servs., 07-2143 (La. 5/21/08), 983 So.2d 84, 88. In the absence of evidence, an objection of prescription must be decided upon facts alleged in the petition with all allegations accepted as true. Cichirillo v. Avondale Indus., Inc., 04-2894 (La. 11/29/05), 917 So.2d 424, 428. Accordingly, in our review of the grant of the exception of prescription, we must determine whether the trial court’s ruling was legally correct or incorrect, accepting all allegations in the petitions as true. The mover on an exception of prescription bears the burden of proof; however, if on the face of the petition it appears that prescription has run, the burden shifts to the plaintiff to prove an interruption or suspension of the prescriptive period. SS v. State, Dept. of Social Services, 02-0831 (La. 12/4/02), 831 So.2d 926, 931.
The Petition to Enforce Liens does not contain any information regarding dates that Roubion performed work on Mr. Rodney’s house, nor does the petition state when the work was completed. Rather, the petition merely states that defendants are indebted to Roubion for “labor and services and/or materials related to house raising, pile driving, backfilling, plumbing and related services and tasks j£urnished by Roubion” at each property, that Roubion had not been paid for the work, that Roubion has a privilege for payment against the property, and that the defendants are personally liable to Rou-bion for their respective accounts. Attached to the Petition to Enforce Liens was the lien recorded on each property, including Mr. Rodney’s property. The lien states that Roubion “performed certain labor and services and/or furnished materials in the construction, repair, and improvement of a building on or otherwise related to the following described property” located at 3125 Keithway, Harvey, Louisiana. The lien states that an amount of $24,937.50 is owed and an invoice dated November 1, 2012 from Roubion to Crescent, describing the work as “slab elevation” is attached.
Since the petition is not prescribed on its face, Mr. Rodney had the burden of proving that the action is prescribed. In his Exception of Prescription, Mr. Rodney stated: “Exceptor, Roland Rodney avers that the lien placed on his property failed to meet the prerequisites and requirements of the Louisiana Private Works Act, Louisiana Revised Statute 9:4801, et. seq., and in failing to do so, plaintiff Roubion has failed to properly preserve a claim or privilege against Ex-ceptor and his property and thus, this action is prescribed.” Although counsel for Mr. Rodney argued at the hearing that the work was performed on his property in December 2012 and Roubion did not file *928 the lien until over sixty days after the completion of the work, the transcript indicates that no evidence was introduced at the hearing- on the exception to support this argument.
The Petition to Enforce Liens is not prescribed on its face. Our review of the designated record and supplements to the record indicate that no evidence was introduced at the hearing on the exceptions to support Mr. Rodney’s argument that the petition is prescribed. Thus, Mr. Rodney did not carry his burden of proving the exception prescribed. Accordingly, the trial court erred in granting the exception of prescription.
^CONCLUSION
For the foregoing reasons, the March 16, 2016 judgment sustaining defendant, Roland Rodney’s Exceptions of No Cause of Action, No Right of Action, and Prescription and. dismissing the claims of plaintiffs Roubion Construction Co., LLC and Roubion Shoring Co., LLC, is vacated. This matter is remanded to the trial court for further proceedings consistent with this opinion.
JUDGMENT VACATED; REMANDED

. Other nonaffiliated homeowners also entered into contracts with Crescent to elevate their individual homes.

. The Exception of Failure to Include Indispensable Parties was taken up and granted. The State of Louisiana, as the administrator of the Hazard Mitigation Grant Program, was added to the suit, but later dismissed by the grant of its motion for summary judgment.

. Although there may be merit to Mr. Rodney’s argument that the Exception of Improper Cumulation of Actions should have been granted, Mr, Rodney has not appealed, nor filed an answer to this appeal. Accordingly, the denial of this motion is not before us on this appeal. We note that the judgment relative to Mr, Rodney's motions is not binding on the other defendants in this lawsuit.