DONSYNIA RILEY

VERSUS

ACADIAN COMPANIES, ET AL.

NO. 25-C-308

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPLICATION FOR SUPERVISORY REVIEW FROM THE
TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 835-671, DIVISION "G"
HONORABLE E. ADRIAN ADAMS, JUDGE PRESIDING

September 03, 2025

**SUSAN M. CHEHARDY**
**CHIEF JUDGE**

Panel composed of Judges Susan M. Chehardy,
Stephen J. Windhorst, and Timothy S. Marcel

**<u>WRIT DENIED</u>**
    **SMC**
    **SJW**
    **TSM**



FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Morgan Waquin
Deputy, Clerk of Court

COUNSEL FOR DEFENDANT/RELATOR,
ARCH SPECIALTY INSURANCE COMPANY
    Lorraine P. McInnis
    Jada C. Doucet

COUNSEL FOR PLAINTIFF/RESPONDENT,
DONSYNIA RILEY
    Robert J. Caluda

COUNSEL FOR DEFENDANT/RESPONDENT,
ACADIAN AMBULANCE SERVICE, INC., DANA SULLIVAN AND JUDSON
SMYLY
    Parker W. Bradley

**CHEHARDY, C.J.**

Relator/defendant, Arch Specialty Insurance Company, seeks review of the trial court's March 26, 2025 judgment denying its peremptory exception of no right of action, and the trial court's June 17, 2025 judgment denying Arch Specialty Insurance Company's motion for new trial. For the reasons that follow, finding no error in the trial court's judgments, we deny this writ application.

***Factual Background and Procedural History***

This litigation arises out of a petition for damages filed on December 6, 2022, by respondent/plaintiff, Donsynia Riley, and against defendants, Acadian Companies d/b/a Acadian Ambulance Services, Inc., Dana Sullivan, and Judson Smyly, (collectively "Acadian"), and XYZ Insurance Company, as the "unidentified insurance company, at all relevant times hereto the liability insurance carrier for the defendant Acadian Companies d/b/a Acadian Ambulance Service, Inc. on the date of the accident." In her petition, Mrs. Riley alleges that on December 30, 2021, she was a guest at Ochsner Medical Center–Westbank Hospital when she was struck/side-swiped by an empty stretcher, causing her physical and mental injuries. Mrs. Riley avers that the stretcher was being maneuvered down the hallway by defendants, Ms. Sullivan and Mr. Smyly, who are employees of Acadian.

On November 6, 2024, nearly two years after filing her original petition, Mrs. Riley filed a first supplemental and amending petition, seeking to substitute the name of XYZ Insurance Company, as named in her original petition, with the name of Arch Specialty Insurance Company ("Arch Specialty"), as the actual liability carrier for Acadian.[1] On January 24, 2025, Arch Specialty filed a peremptory exception of no right of action alleging that Mrs. Riley does not have a

---

[1] In her opposition to Arch Specialty's writ application, Mrs. Riley contends that the reason defendants' insurance company was named as XYZ Insurance Company in her original petition filed on December 6, 2022, was "because the Acadian defendants refused to disclose the identity of their liability insurer prior to litigation."

right to sue Arch Specialty based upon the liability insurance agreement with Acadian's employees, Ms. Sullivan and Mr. Smyly, and also does not have a right of action to sue Arch Specialty directly under the Direct Action Statute, La. R.S. 22:1269, as amended.

Prior to the filing of Mrs. Riley's first supplemental and amending petition, the Louisiana legislature amended the Direct Action Statute, thereby removing a plaintiff's right of action to assert a direct action against a tortfeasor's liability insurance company. The amendment went into effect on August 1, 2024. According to Arch Specialty, the amendment to the Direct Action Statute eliminated Mrs. Riley's right to assert a direct action against Arch Specialty, Acadian's liability insurer. Arch Specialty avers that the Direct Action Statute merely grants a procedural right of action against an insurer where the plaintiff has a substantive cause of action against the insured. In other words, Arch Specialty avers that the legislative amendment to the Direct Action Statute, effective August 1, 2024, prohibits a plaintiff from pursuing a direct action against an insurer, unless certain circumstances are met and/or established, which circumstances are not at issue herein. Arch Specialty contends that because Mrs. Riley did not amend her original petition to add or name it as a defendant until after the effective date of the amendment, her right to assert a direct action against it as Acadian's liability insurer was not timely vested or invoked prior to the effective date of the amendment, and therefore, the amendment to the Direct Action Statute should be applied retroactively to this litigation. Consequently, Arch Specialty argues the trial court erred when it failed to grant Arch Specialty's exception of no cause of action, and dismiss Mrs. Riley's claims filed against it.

In response to Arch Specialty's exception, Mrs. Riley argued that the Direct Action Statute provides a substantive right, not procedural, and, therefore, the trial court properly determined that the amendment does not apply retroactively.

2

Additionally, Mrs. Riley argued that at the moment she was injured in the accident on December 30, 2021, she had a substantive right to bring a direct action under the statute against Arch Specialty, which right was vested and timely invoked when she filed her original petition on December 6, 2022, prior to the effective date of the amendment.  In support of her argument, Mrs. Riley urged the trial court to rely on this Court's decision in *Riley v. Griffin*, 24-537 (La. App. 5 Cir. 12/20/24), 410 So.3d 890, wherein we determined that "[w]hile an amendment to the Direct Action Statute may apply retroactively to a cause of action that arose before the amended statute's August 1, 2024 effective date, this retroactivity stands only in reference to causes of action for which suit had not yet been filed, and thus the plaintiff's right had not yet vested." *Id.* at 895.  According to Mrs. Riley, when she filed her original petition on December 6, 2022, Acadian's liability carrier was named, although improperly identified as XYZ Insurance Company, but only because the actual identity of Acadian's liability insurer was unknown at that time. She argued that it was not until after the effective date of the amendment to the Direct Action Statute, through discovery, that Acadian divulged the identity of Arch Specialty as its liability insurer, such that it could be properly substituted for XYZ Insurance Company.  Therefore, because she had invoked her right against Acadian's liability insurer by filing suit prior to the effective date of the amendment to the statute, Mrs. Riley argued that she had a vested right directly against Arch Specialty that cannot be divested by retroactively applying the amended statute to her claim.

Arch Specialty's exception came for hearing on February 26, 2025, at the close of which, the trial court took the matter under advisement.  On March 26, 2025, the trial court issued judgment in favor of Mrs. Riley, and against Arch Specialty, overruling its exception of no right of action.  The trial court issued written reasons for judgment on April 11, 2025, finding that Arch Specialty had

3

"failed to meet the requisite burden and establish that the plaintiff, Mrs. Riley, does not have a cause of action against it because Mrs. Riley's right was vested on December 30, 202[1] (date of incident) and it was timely invoked when she timely filed suit, asserting her vested right, against the defendants, including the naming XYZ Insurance Company, in the original *Petition for Damages*, filed on December 6, 2022[,]" in its "capacity as 'unidentified insurance company' as the liability insurance carrier" for the defendant, Acadian, which petition was filed prior to the effective date of the amendment to the Direct Action Statute.

On or about May 7, 2025, Arch Specialty filed a motion for new trial, which came for hearing on May 19, 2025. After taking the matter under advisement, the trial court issued judgment on June 17, 2025, denying Arch Specialty's motion. This writ application filed by Arch Specialty, seeking this Court's supervisory review of the trial court's March 26, 2025, and June 17, 2025, judgments followed.

In its writ application, Arch Specialty contends the trial court erred in holding that the Direct Action Statute does not apply retroactively to Mrs. Riley's action filed against it after the effective date of the amendment, and in concluding that Mrs. Riley had a vested right against Arch Specialty.

*Discussion*

The question posed in this writ application is whether the Louisiana Direct Action Statute, as amended by 2024 La. Acts. No. 275, § 1, effective August 1, 2024, is applicable to the facts of this case. Here, the conduct giving rise to this suit occurred in 2021. On December 6, 2022, Mrs. Riley filed her petition for damages against Acadian, Sullivan and Smyly, the tortfeasors, and XYZ Insurance Company, as the "unidentified insurance company, at all relevant times hereto the liability insurance carrier for the defendant Acadian Companies d/b/a Acadian Ambulance Service, Inc. on the date of the accident." Arch Specialty was not specifically named in Mrs. Riley's original petition. As amended in 2024 by Act

4

275, La. R.S. 22:1269 now provides that no direct action lies against an insurer except in limited circumstances, which are not at issue here. The effective date of these amendments was August 1, 2024. On November 6, 2024, Mrs. Riley filed a first supplemental and amending petition, substituting XYZ Insurance Company, named in her original petition, with Arch Specialty, as liability carrier for Acadian.

The issue presented by these facts is *res nova*. That is, we must determine whether Mrs. Riley's right of action against Arch Specialty was vested and invoked at the time she filed her original petition on December 6, 2022—*prior* to the effective date of the amendment—or at the time she filed her amended petition on November 6, 2024—*after* the effective date of the amendment—wherein she substituted Arch Specialty, the actual liability insurer of Acadian, for XYZ Insurance Company.

In its writ application, Arch Specialty maintains that the Direct Action Statute, as amended, is procedural in nature rather than substantive, and therefore must be applied retroactively as required by Article 6 of the Louisiana Civil Code. Arch Specialty argues that Mrs. Riley, who did not add Arch Specialty as a defendant until after the effective date of the amendment, has no right of action against it, and thus, Mrs. Riley's claims against Arch Specialty must be dismissed.

The amendment to the Direct Action Statute fundamentally changes the conduct of most suits for damages in this state. Prior to its amendment, La. R.S. 22:1269(B)(1) provided as follows:

> The injured person or his survivors or heirs mentioned in Subsection A of this Section, at their option, shall have a right of direct action against the insurer within the terms and limits of the policy; and, such action may be brought against the insurer alone, or against both the insured and the insurer jointly and in solido, in the parish in which the accident or injury occurred or in the parish in which an action could be brought against either the insured or the insurer under the general rules of venue prescribed by Code of Civil Procedure Art. 42 only; however, such action may be brought against the insurer alone only when at least one of the following applies:

5

(a) The insured has been adjudged bankrupt by a court of competent jurisdiction or when proceedings to adjudge an insured bankrupt have been commenced before a court of competent jurisdiction.

(b) The insured is insolvent.

(c) Service of citation or other process cannot be made on the insured.

(d) When the cause of action is for damages as a result of an offense or quasi-offense between children and their parents or between married persons.

(e) When the insurer is an uninsured motorist carrier.

(f) The insured is deceased.

As the insurer was a party to most damage claims and was liable in solido with the insured up to the limits of its policy, it participated directly in the litigation, up to and including the rendition of judgment, as a party defendant. Act 275 amended La. R.S. 22:1269(B)(1) to prohibit direct actions against insurers except under limited circumstances. The statute, as amended, provides:

> The injured person or, if deceased, the persons identified in Civil Code Articles 2315.1 and 2315.2, shall have no right of action against the insurer unless at least one of the following applies:
>
> (a) The insured files for bankruptcy in a court of competent jurisdiction or when proceedings to adjudge an insured bankrupt have been commenced before a court of competent jurisdiction.
>
> (b) The insured is insolvent.
>
> (c) Service of citation and other process has been attempted without success or the insured defendant refuses to answer or otherwise defend the action within one hundred eighty days of service.
>
> (d) When the cause of action is for damages as a result of an offense or quasi-offense between children and their parents or between married persons.
>
> (e) When the insurer is an uninsured motorist carrier.
>
> (f) The insured is deceased.

6

(g) When the insurer is defending the lawsuit under a reservation of rights, or the insurer denies coverage to the insured, but only for purposes of establishing coverage.

Pursuant to La. R.S. 22:1269, as amended, the insurer can no longer be a party to the litigation and cannot be named in the final judgment unless certain post-trial procedures are followed to add the insurer to the judgment, which the insurer can contest via coverage defenses. La. R.S. 22:1269(D) and (E).

The Louisiana Direct Action Statute refers to a right of direct action, and a defendant challenging a plaintiff's right to proceed under the Louisiana Direct Action statute should do so by means of an exception of no right of action. "Without enabling legislation, the right to direct action does not exist." *Logan v. Hollier*, 424 So.2d 1279, 1281 (La. App. 3 Cir. 1982).

The peremptory exception of no right of action assumes that the petition states a valid cause of action and functions as a test of whether the plaintiff has a real and actual interest in the action or belongs to a particular class to which the law grants a remedy for the particular harm alleged. *See Lopez Languirand v. Lopez*, 18-245 (La. App. 5 Cir. 12/12/18), 261 So.3d 1054, 1058; *Rubion Shoring Company, LLC v. Crescent Shoring, L.L.C.*, 16-540 (La. App. 5 Cir. 5/17/17), 222 So.3d 921, 926. The exception of no right of action does not raise questions of the plaintiff's ability to prevail on the merits or whether the defendant may have a valid defense. *Louisiana Health Service & Indemnity Company v. Gupta*, 24-264 (La. App. 5 Cir. 2/12/25), 407 So.3d 851, 867, *writ denied*, 25-411 (La. 6/3/25), 410 So.3d 788. In short, on an exception of no right of action, the question the court must resolve is whether the plaintiff has a right to sue the defendant to enforce the claim. *McKinley v. McKinley*, 24-850 (La. App. 1 Cir. 3/21/25), 410 So.3d 375, 379.

The determination of whether a plaintiff has a right of action is a question of law, thus, the standard of appellate review of the trial court's ruling is *de novo*,

such that the appellate court's review "involves determining whether the trial court was legally correct in sustaining such exception." *See Wallace v. Drennan, Inc. v. Kerner*, 21-664 (La. App. 5 Cir. 8/17/22), 348 So.3d 194, 199; *Hurel v. National Fire & Marine Insurance Company*, 25-49 (La. App. 4 Cir. 3/11/25), --- So.3d ---, 2025 WL 762645, *3. The burden of proof of establishing the exception of no right of action is on the exceptor. *Rubion Shoring Company, LLC*, 222 So.3d at 926. Any doubt regarding the appropriateness of an exception of no right of action is to be resolved in favor of the plaintiff. *Lopez Languirand*, 261 So.3d at 1058.

Arch Specialty argues that the amendments to La. R.S. 22:1269 are procedural in nature and, thus, must be applied retroactively to causes of action arising prior to its effective date. In contrast, Mrs. Riley argues that the amendments are substantive in nature in that they affect vested rights as the cause of action giving rise to the litigation occurred, and her original petition for damages invoking those rights was filed, prior to the effective date of the amendment.

In analyzing the issue presented, we first look to La. C.C.P. art. 6, providing that "[i]n the absence of contrary legislative expression, substantive laws apply prospectively only" while "[p]rocedural and interpretive laws apply both prospectively and retroactively, unless there is a legislative expression to the contrary." As there is no legislative expression in Act 275, as to whether the statute applies retroactively, we look to whether the law is procedural, interpretive, or substantive. *See Farque v. Louisiana Medical Mutual Insurance Company*, 25-22 (La. App. 3 Cir. 6/18/25), --- So.3d ---, 2025 WL 1699750, *6.

This question was answered by the Louisiana Supreme Court in *Soileau v. Smith True Value & Rental*, 12-1711 (La. 6/28/13), 144 So.3d 771, 775, wherein it held that the Direct Action Statute provides a procedural right of action against an insurer where the plaintiff has a substantive cause of action against the insured.

8

*See also Green v. Auto Club Grp. Ins. Co.*, 08-2868 (La. 10/28/09), 24 So.3d 182, 184. Substantive laws establish new rules, rights, and duties, or change existing ones, while procedural laws prescribe a method for enforcing a substantive right and relate to the form of the proceeding or the operation of the laws. *Church Mut. Ins. Co.*, 13-2351 (La. 5/7/14), 145 So.3d 271, 281. In *Church Mutual Ins. Co. v. Dardar*, 13-2351 (La. 5/7/14), 145 So.3d 271, 287, the Supreme Court explained that "procedural statutes . . . become operative only when and if the remedy they serve to facilitate is invoked." Yet, "[i]f that remedy is invoked after the statute's enactment," then "the statute operates in the future regardless of the time of the events giving rise to the cause of action."

In *Blow v. OneBeacon Am. Ins. Co.*, 16-301 (La. App. 4 Cir. 4/20/16), 193 So.3d 244, 254, the Fourth Circuit stated:

> The [Direct Action] Statute "was enacted to give special right to tort victims, not to insured with contract claims against a defendant." *Cacamo v. Mut. Fire Ins. Co.*, 1999-3479, p. 3 (La. 6/30/00), 764 So.2d 41, 43. "In the absence of the Direct Action Statute, a plaintiff would have no right of action against an alleged tortfeasor's liability insurer because the obligation between the plaintiff and the alleged tortfeasor is delictual in nature, and plaintiff has no contractual relationship with the tortfeasor's insurer." *Green v. Auto Club Grp. Ins. Co.*, 2008-2868, p.3 (La. 10/28/09), 2 So.2d 182, 184. Because it "provides the sole procedural right of action against the insurer in this case, the Direct Action Statute provides 'the rules regulating the subject' ...

*Blow*, 193 So.3d at 249.

Thus, the Direct Action Statute is a procedural statute, wherein a plaintiff's ability to name an insurer as a party to litigation is a procedural right where a substantive cause of action against the insured already exists. In the absence of legislative guidance within the amendment, it would typically be applied retroactively. However, this finding does not end the inquiry into the retroactive application of the amended statute, as a law will not be applied retroactively if its

9

effect would be to "impair contractual obligations or disturb vested rights." *Segura v. Frank*, 93-1271 93-1401 (La. 1/14/94), 630 So.2d 714, 721.

In *Rogers v. Griffin*, 24-537 (La. App. 5 Cir. 12/20/24), 410 So.3d 890, this Court denied an application for a supervisory writ filed by Louisiana Medical Mutual Insurance Company ("LAMMICO") in a suit where it had already been named a party to a medical malpractice action prior to the effective date of La. R.S. 22:1269. There, we held that once a plaintiff has exercised his or her right by law to pursue the insurer directly by naming it as a party to the litigation, the right has been exercised and vested, and the law as amended cannot be applied retroactively.

In *Farque v. Louisiana Medical Mutual Insurance Company*, *supra*, the plaintiffs filed suit against LAMMICO on September 11, 2024, after the effective date of the amendment to La. R.S. 22:1269. LAMMICO sought to have the case dismissed, arguing the Direct Action Statute, as amended, is procedural in nature rather than substantive, and therefore, the plaintiffs had no cause of action against it. The Third Circuit, treating LAMMICO's exception as a no right of action rather than a no cause of action, affirmed the trial court's denial of LAMMICO's exception. The Third Circuit held that because the plaintiffs properly instituted their medical malpractice action against LAMMICO by filing a claim with the Division of Administration in January 2023—prior to the effective date of the amendment to La. R.S. 22:1260—as they were legally required to do before filing a medical malpractice action in the district court, they had a vested right or interest in a direct action against LAMMICO. In so holding, the Third Circuit reasoned that the plaintiff "exercised that right in the only way that they could, by requesting a medical review panel via the filing of a complaint with the Division of Administration. That right once exercised cannot be retroactively taken away." *Farque*, 2025 WL 1699750 at *16.

10

In the instant case, Mrs. Riley did not amend her petition to substitute Arch Specialty as the liability insurer for Acadian until November 6, 2024, after the amendment to La. R.S. 22:1269 had become effective on August 1, 2024. However, in her original petition filed on December 6, 2022, prior to the effective date, Mrs. Riley did name as a defendant XYZ Insurance Company, as the "unidentified insurance company […] at all times relevant hereto the liability insurance carrier for the defendant Acadian Companies d/b/a Acadia Ambulance Service, Inc., on the date of this incident." In overruling Arch Specialty's exception of no right of action, the trial court determined that Arch Specialty failed to meet its burden of establishing that the Direct Action Statute should be retroactively applied, and it failed to establish that Mrs. Riley's right against it had not yet vested, stating:

> …[A]s articulated by the Louisiana Fifth Circuit in *Rogers*, while the amendment to the Direct Action Statute *may* apply retroactively, such application is only in reference to cause(s) of action for which a suit had not yet been filed. Such is not the case, here, because the plaintiff, Mrs. Riley, had already filed suit at the time the August 1, 2024 amendment regarding the Direct Action Statute became effective because Mrs. Riley['s] original *Petition for Damages* was filed on December 6, 2022. This Court reasons that the plaintiff, Mrs. Riley, invoke[d] her right of action against the insurer/defendant, Arch Specialty Insurance Company, when she filed her original *Petition for Damages* on December 6, 2022, wherein she clearly noted her intent to assert a cause(s) of action against the defendant's insurer by clearly asserting that the fourth ("D – XYZ Insurance Company") was the liability insurance carrier of the defendant, Acadian Companies d/b/a Acadian Ambulance Service, Inc. Based on the pleadings filed and the exhibit[s] attached thereto (including Exhibit 3 attached to the plaintiff's *Opposition Memorandum*), it is apparent to this Court that, at the time that the original *Petition for Damages* was filed, the defendant's insurer (later identified as Arch Specialty Insurance Company) was unknown to the plaintiff (or her counsel) at that time. Stated differently, while the plaintiff did not know the name/identity of the defendant's liability carrier at the time that the original *Petition for Damages* was filed, Mrs. Riley clearly invoked her right of action against the defendant's insurer when she named XYZ Insurance

11

Company, in its capacity as the defendant's liability carrier.

…[W]hile the defendant's insurer, Arch Specialty Insurance Company, was not specifically named as a defendant when the original *Petition for Damages* was filed on December 6, 2022, the plaintiff did name XYZ Insurance Company, as "unidentified insurance company […] at all times relevant hereto the liability insurance carrier for the defendant Acadian Companies d/b/a Acadia[n] Ambulance Service, Inc., on the date of this incident." Here, the Court finds that based on the jurisprudence articulated by and relied on by the parties, the plaintiff, Mrs. Riley, did in fact have a vested right against the defendant insurer, Arch Specialty Casualty Insurance [sic], at the time she filed suit on December 6, 2022. Importantly, this Court recognizes that the plaintiff, Mrs. Riley, had a vested right against the defendant's insurer, Arch Specialty Casualty Insurance, and had a right to name it as a defendant when she filed her original *Petition for Damages* (i.e. suit) on December 6, 2022. Furthermore, such vested right against Arch Specialty Insurance Company was asserted and recognized by the plaintiff, Mrs. Riley, when she named XYZ Insurance Company in the original *Petition for Damages*; however, she was unable to properly name Arch Specialty Insurance Company because she (or her counsel) was not aware of the identity of the insurer at the time that the suit was filed. It is undisputed that all of the foregoing information was include in Mrs. Riley's original *Petition for Damages* which was filed prior to the August 1, 2024 effective date of the amendment to the Direct Action Statute.

\*\*\*

Additionally, this Court has considered the fact that plaintiff's counsel (or his firm), sought to ascertain information as it related to the identity of the defendant's insurer such that the insurer can be properly substituted for XYZ Insurance Company, *prior* to the August 1, 2024 effective date of the amendment to the Direct Action Statute. Based on Exhibit 3 (September 4, 2024 e-mail) and the representations made by the parties during the hearing, it appears plaintiff's counsel did not ascertain the name of the defendant's insurer in sufficient time such that he could have substituted the insurer for XYZ Insurance Company, in a reasonable amount of time prior to the August 1, 2024 effective date. [Emphasis supplied.]

We agree with the trial court that this is not a situation in which Mrs. Riley sought to add a wholly new defendant when she filed her amended petition on

November 6, 2024. To the contrary, here, Mrs. Riley sought to *substitute* Arch Specialty as Acadian's liability insurer, for XYZ Insurance Company, at which time her right of action had already been vested and invoked when she filed her original petition for damages on December 6, 2022, prior to the effective date of the amendment to the Direct Action Statute. In other words, because Mrs. Riley did not know the identity of Acadian's actual liability insurer when she filed her original petition, she exercised her right of action against Acadian's liability insurer in the only way that she could, by naming XYZ Insurance Company as the liability insurer for Acadian on the date of the accident. *See Farque*, *supra*. We also consider that, in Mrs. Riley's opposition to Arch Specialty's writ application, she avers that she would have been able to properly name the liability insurer in her original petition had Acadian not refused to divulge its insurer's identity until after suit was filed and the amendment to the Direct Action Statute took effect.

For the foregoing reasons, finding no error in the trial court's March 26, 2025 judgment overruling Arch Specialty Insurance Company's exception of no right of action, or its June 17, 2025 judgment denying Arch Specialty's motion for new trial, this writ application is denied.

**WRIT DENIED**

13

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. TRAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **SEPTEMBER 3, 2025** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**25-C-308**

### E-NOTIFIED
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE E. ADRIAN ADAMS (DISTRICT JUDGE)
JADA C. DOUCET (RELATOR)          LORRAINE P. MCINNIS (RELATOR)          ROBERT J. CALUDA (RESPONDENT)

### MAILED
PARKER W. BRADLEY (RESPONDENT)
ATTORNEY AT LAW
701 POYDRAS STREET
40TH FLOOR
NEW ORLEANS, LA 70139