ASHTON R. O'DWYER, JR., ET AL

VERSUS

THE METAIRIE TOWERS CONDOMINIUM
ASSOCIATION BOARD PRESIDENT, ET AL

NO. 24-CA-594

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 849-260, DIVISION "N"
HONORABLE STEPHEN D. ENRIGHT, JR., JUDGE PRESIDING

September 25, 2025

**MARC E. JOHNSON**
**JUDGE**

Panel composed of Judges Marc E. Johnson,
Stephen J. Windhorst, and Timothy S. Marcel

**AFFIRMED**
    **MEJ**
    **SJW**
    **TSM**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Jalisa Walker
Deputy, Clerk of Court

PLAINTIFF/APPELLANT,
ASHTON R. O'DWYER, JR.
    In Proper Person

COUNSEL FOR DEFENDANT/APPELLEE,
CERTAIN UNDERWRITERS AT LLOYD'S, LONDON SUBSCRIBING TO
POLICY NO. PXA-0001321-01
    Lori D. Barker
    Ashley E. Bane
    Victoria E. Pitre

**JOHNSON, J.**

Plaintiff/Appellant, Ashton R. O'Dwyer, Jr., appeals the trial court's judgment sustaining peremptory exceptions of no cause of action, no right of action, and prescription and dismissing his claims in favor of Defendants/Appellees, Certain Underwriters at Lloyd's, London Subscribing to Policy No. PXA0001321-01, which was rendered in the 24th Judicial District Court, Division "N". For the following reasons, we affirm the trial court's judgment.

## FACTS AND PROCEDURAL HISTORY

This is Mr. O'Dwyer's second appeal taken in this proceeding. The following pertinent facts are recited in the first appeal, *O'Dwyer v. Metairie Towers Condominium Association Board President*, 24-277, p. 1 (La. App. 5 Cir. 1/29/25), 404 So.3d 1059, 1063, *writ denied*, 25-282 (La. 5/20/25), 409 So.3d 216:

> This matter arises from damages sustained to the Metairie Towers condominium complex on August 29, 2021, during Hurricane Ida, as well as a second incident on September 28, 2021 that allegedly caused additional damage to the property. Metairie Towers is a 219-unit condominium building located at 401 Metairie Road in Metairie, Louisiana. Mr. O'Dwyer alleges that he owns Unit 330, as well as an undivided interest in the common areas of the condominium complex. The Metairie Towers Condominium Association, Inc. ("MTCA") is a non-profit corporation that manages the property through its Board of Directors.
>
> On November 27, 2023, Mr. O'Dwyer filed this lawsuit alleging that the MTCA's Board of Directors failed to secure adequate insurance for the property, squandered over $30 million dollars of insurance proceeds, and mishandled the repairs to the condominium complex. In addition to suing the Board of Directors and certain members, Mr. O'Dwyer also sued the MTCA's insurer, Certain Underwriters at Lloyd's, London, as well as contractors, property managers, consultants, attorneys, and public adjusters hired by the Board of Directors. Mr. O'Dwyer contends that the MTCA improperly paid the insurance proceeds to these individuals and entities, rather than utilizing them to repair Metairie Towers. Mr. O'Dwyer also contends that unit owners were repeatedly assured that the insurance proceeds would be sufficient to repair the property. However, he alleges that after two years, the Board of Directors reversed course in September 2023 and advised the unit owners that the remaining insurance proceeds were insufficient to rebuild the condominium complex, that the rebuild

would require a large assessment against the unit owners, and that the unit owners should sell the property rather than attempting to rebuild it. Mr. O'Dwyer filed his petition for damages shortly thereafter, in November 2023.

In his petition[1], Mr. O'Dwyer generally alleged that Certain Underwriters at Lloyd's, London (hereinafter referred to as "Underwriters") breached its duties under tort law, contract law, and warranty law in the handling of the claims associated with Policy No. PXA0001321-01 (hereinafter referred to as "the Policy"). He argued that Underwriters owed him the duty of good faith and fair dealing, which included an affirmative duty to fairly and promptly adjust the insurance claims arising out of the damage to his property at Metairie Towers and to make a reasonable effort to settle the claims following receipt of satisfactory proof of loss. Mr. O'Dwyer contended that Underwriters colluded with certain co-defendants to procure their names in release documents and walk away from what he described as "the train wreck" that Underwriters had engineered through their alleged bad faith and mismanagement of the hurricane damage repair project, when Underwriters' own expert Building Consultant had opined should have been completed for the expenditure of less than $5 million. He also argued that he had the legal standing necessary to sue Underwriters directly because he paid the premiums for the Policy intended to cover the costs to repair the damages to the individual units. Mr. O'Dwyer further contended the "Declaration of Condominium" in MTCA's "Condominium Documents" and the provisions of the Louisiana Condominium Act, specifically La. R.S. 9:1123.112, provided that the issuance of an insurance policy for a condominium association was for the use and benefit of the unit owners.

---

[1] Mr. O'Dwyer's petition also captioned Alexis O'Dwyer Navarro as a plaintiff. Underwriters' exceptions of no right of action, no cause of action, and prescription were sustained against Mrs. Navarro, in addition to Mr. O'Dwyer. However, Mrs. Navarro did not appeal the trial court's judgment; thus, this opinion does not pertain to the rulings rendered against her. *See*, *Healthlogic Partners, L.L.C. v. Owen*, 22-47 (La. App. 5 Cir. 11/2/22), 362 So.3d 824, 842, *writ denied*, 22-1885 (La. 2/24/23), 356 So.3d 334; *Anderson v. Anderson*, 20-186 (La. App. 5 Cir. 12/23/20), 309 So.3d 868, 878.

In opposition to Mr. O'Dwyer's petition, Underwriters filed peremptory exceptions of no cause of action, no right of action, and prescription. In its motion, Underwriters averred Mr. O'Dwyer had neither a cause of action nor a right of action because the Policy provided for the payment of a covered loss to covered property in excess of the applicable policy deductible solely to MTCA—the name insured—and the Policy did not provide for payment to individual unit owners or a stipulation *pour autrui*. It maintained that the Policy, when read in conjunction with La. R.S. 9:1123.112, only benefitted the named insured, with all payments to be made to the named insured, with MTCA holding all such funds in trust and making the appropriate allocations to unit owners—if there were funds available after making repairs for the common elements. It also maintained that Mr. O'Dwyer's bad faith claim failed under La. R.S. 22:1892 and 1973 because those circumstances only apply to liability coverages, and the Policy provided coverage exclusively for commercial first party insurance, meaning there could be no liability to non-insureds. Underwriters further averred that Mr. O'Dwyer's petition was filed outside of the two-year provision in the Policy from the underlying events, making any claims under the Policy and/or La. R.S. 22:1892 or 1973 prescribed.

To counter Underwriters' exceptions, Mr. O'Dwyer filed an opposition memorandum on August 16, 2024, arguing that his petition was primarily premised upon La. C.C. art. 2315; and, his allegations had to be accepted as true, in the absence of evidence to the contrary. He then asserted that MTCA owned no property and never had an insurable interest in the 401 Metairie Road property, which caused the individual unit owners to be the intended insurers of the Policy. Alternatively, he requested reformation of the Policy to reflect the individual unit owners as the named insurers or third-party beneficiaries. Mr. O'Dwyer also argued that his claims of collusion and fraud were not prescribed because they

were continuing torts that were started with the December 2022 mediation, rendering his November 2023 filing timely.

The hearing on Underwriters' exceptions were heard by the trial court on August 19, 2024. Although he was present *via* Zoom, Mr. O'Dwyer was prohibited by the trial court from presenting an oral argument. At the conclusion of the hearing, the trial court orally sustained Underwriters' peremptory exceptions. A written judgment sustaining the exceptions was rendered on September 10, 2024, dismissing all of Mr. O'Dwyer's claims against Underwriters. The instant appeal followed.

## ASSIGNMENTS OF ERROR

On appeal, Mr. O'Dwyer alleges that the trial court erred in summarily sustaining Underwriters' peremptory exceptions of no right of action, no cause of action, and prescription.[2]

## LAW AND ANALYSIS

Exception of No Right of Action

Mr. O'Dwyer alleges that the trial court erred in sustaining Underwriters'

---

[2] In his appellate brief, Mr. O'Dwyer specifically raises the following allegations:

1. It was error for Judge Enright to have summarily granted [Underwriters'] Peremptory Exceptions of No Cause of Action, No Right of Action, and Prescription, and to have dismissed all of [Mr. O'Dwyer's] claims against [Underwriters] with prejudice.
2. It was error for Judge Enright to have summarily granted [Underwriters'] Peremptory Exceptions without giving due consideration to [Mr. O'Dwyer's] verified and uncontradicted record evidence.
3. It was error for Judge Enright to have summarily granted [Underwriter's] Peremptory Exceptions when the applicable case law is to the effect that [Mr. O'Dwyer's] pleaded allegations should have been taken as true.
4. It was error for Judge Enright to have summarily granted [Underwriters'] Peremptory Exceptions without affording him a fair opportunity for any discovery whatsoever, particularly given the fact-intensive nature of the wide-ranging issues in this case, including particularly, but without limitation, issues regarding "intent, motive, malice, knowledge or good faith" and the like. See *Zydeco's II, LLC v. Certain Underwriters at Lloyds'*, [19-562 (La. App. 5 Cir. 5/28/21), 356 So.3d 345], which acknowledged: "the inherent difficulties of in proving intent," and *Maggio v. Parker*, [17-1112 (La. 6/27/18), 250 So.3d 874], which acknowledged: "rarely appropriate for [summary] determination."
5. It was error for Judge Enright to have summarily, and prematurely, granted [Underwriters'] Peremptory Exceptions without giving [Mr. O'Dwyer] a fair opportunity for adequate discovery while numerous genuine issues of material fact obviously exist in this case, which is still in its infancy, including particularly, but without limitation, issues regarding the applications for, the writing of, and the issuance and delivery of the [Underwriters'] policies, *inter alia*. See by analogy

exception of no right of action. He argues that his petition contains claims of fraud and bad faith on the part of Underwriters through the breaching of the duties of good faith and fair dealing, to adjust claims promptly, and to make a reasonable effort to settle claims with the insured or the claimant. He accuses Underwriters and its attorneys of colluding with other defendants to fraudulently adjust the Hurricane Ida damages claim for Metairie Towers, ignoring the contractual and legal rights of the unit owners. Mr. O'Dwyer contends Underwriters helped engineer a "train wreck" involving the inflation of the repair costs for Metairie Towers and ultimate sale of the building through its "intentional, incompetent, negligent, dishonest, deceitful, and collusive and conspiratorial acts, errors, and omissions," which breached the insurance contract and Underwriters' duties owed to MTCA and the third-party claimants, the unit owners.[3]

Mr. O'Dwyer further argues that his petition alleges contractual and delictual claims pursuant to a stipulation *pour autrui*. He claims Underwriters issued an incompetently written policy that ignored the insurance provisions of the

_____

*Francois v. Ports America Louisiana, LLC*, [20-440 (La. App. 4 Cir, 3/10/12), 314 So.3d 894], addressing CCP Art. 966.

6.  It was error for Judge Enright to have failed to reform the policy to identify [Mr. O'Dwyer] and his co-owners as "insureds," to properly identify the property which [Underwriters] insured, and to otherwise reform the policy so that it conformed with the requirements of the Louisiana Insurance Code, the Insurance provisions of the Louisiana Condominium Act, and the governing Condominium Documents.

7.  It was error for Judge Enright to have failed to address and to give effect to the legal ramifications of [Mr. O'Dwyer] having pleaded: "dishonesty, fraud, misrepresentation, and colluding and/or conspiring with others to commit same," and to recognize that, in Louisiana, fraud may result from silence or inaction. CC Art. 1953.

8.  It was error for Judge Enright to have summarily granted [Underwriters'] Peremptory Exception of Prescription, when issues of fact swirled around when [Mr. O'Dwyer's] causes of action against [Underwriters] accrued ([Mr. O'Dwyer] avers it was on December 7, 2022, when [Mr. O'Dwyer] was advised that Claim I had "settled"), and because *Smith v. Citadel Insurance Co.*, [19-52 (La. 10/22/19), 285 So.3d 1062] held that even "hybrid" relationships of insurer and insured arising from quasi-contractual relationship are subject to a 10-year prescriptive period. Additionally, [Mr. O'Dwyer's] prior Federal Court lawsuit against [Underwriters'] solidary obligors interrupted prescription against [Underwriters]. CC Art. 1799.

9.  It was error for Judge Enright to impose the Draconian Sanction upon [Mr. O'Dwyer] of not being permitted to argue his case or give affirmative testimony under oath at the "hearing" on August 19, 2024, merely because [Mr. O'Dwyer's] Opposition Memorandum was "one day late."

[3] Mr. O'Dwyer specifically claims that Underwriters was involved in a less than $5,000,000 repair project, according to a November 15, 2021 report, that "mysteriously transformed into 'an over $30 million demolition job' by parties unknown and for reasons unknown."

Louisiana Insurance Code, the Louisiana Condominium Act, and the governing Condominium Documents for Metairie Towers by issuing a commercial policy to MTCA, a nonprofit corporate entity that has no insurable interest in the property. He contends that the purpose of the insurance policy provided by Underwriters to MTCA was for the benefit of the unit owners of the complex who paid the over $100,000 premium on the Policy.

Conversely, Underwriters maintains that the trial court properly sustained its exception of no right of action because Mr. O'Dwyer is not a named insured, additional insured, or third-party beneficiary under the commercial property insurance policy issued to MTCA. It contends that the Policy is clear and unambiguous in its naming of MTCA as the sole insured, and the Policy neither includes individual unit owners in any capacity nor contains any provision granting insured status to all unit owners. It further contends that the Louisiana Condominium Act provides that any loss covered by a property insurance policy issued to a condominium association for the building's common elements are required to be adjusted with the association, but the insurance proceeds for that loss are required to be payable to any insurance trustee designated for that purpose; and, the unit owners are only entitled to recover from the condominium association—not the insurer—funds remaining after repair of the common elements.

In *O'Dwyer*, *supra*, this Court explained the exception of no right of action and the appellate court's review of it by stating the following:

> The exception of no right of action is a peremptory exception, the function of which is to have an action declared legally nonexistent or barred by law and tends to dismiss or defeat the action. La. C.C.P. arts. 923 and 927. An exception of no right of action assumes that the petition states a valid cause of action and tests whether the plaintiff has the capacity or legal interest in judicially enforcing the right asserted. *Krebs, Lasalle, Lemieux Consultants, Inc. v. G.E.C., Inc.*, 16-24 (La. App. 5 Cir. 7/27/16), 197 So.3d 829, 831. When the facts alleged in the petition provide a remedy under the law to someone, but the plaintiff

who seeks the relief is not the person in whose favor the law extends the remedy, the proper objection is no right of action, or want of interest in the plaintiff to institute the suit. *Howard v. Administrators of Tulane Educational Fund*, 07-224 (La. 7/1/08), 986 So.2d 47, 59.

Whether a plaintiff has a right of action is a question of law subject to *de novo* review. *Wallace C. Drennan, Inc. v. Kerner*, 21-664 (La. App. 5 Cir. 8/17/22), 348 So.3d 194, 199. The party raising the exception has the burden of proving the exception. *Roubion Shoring Company, LLC v. Crescent Shoring, LLC*, 16/540 (La. App. 5 Cir. 5/17/17), 222 So.3d 921, 925. Evidence is admissible in support of the exception of no right of action. La. C.C.P. art. 931. In instances when evidence has been introduced at the hearing on a peremptory exception the trial court's findings of fact are subject to the manifest error-clearly wrong standard of review. *State ex rel. Caldwell v. Molina Healthcare, Inc.*, 18-1768 (La. 5/8/19), 283 So.3d 472, 477.

*O'Dwyer*, 404 So.3d at 1065-66.

At the lower court, Mr. O'Dwyer failed to timely submit his brief in opposition to Underwriters' exceptions of no right of action, no cause of action, and prescription, and he was not allowed by the trial court to present any oral argument at the hearing on the exceptions.[4] Underwriters presented several exhibits to support its exceptions, including Policy No. PXA0001321-01, which were all accepted into evidence by the trial court. At the conclusion hearing, the trial court permitted Mr. O'Dwyer to proffer evidence.[5] Accordingly, because evidence was introduced and accepted at the hearing, our review of the trial court's ruling findings of fact on the exception of no right of action is subject to the

---

[4] La. District Court Rules, Rule 9.9, states in pertinent part:

(c) The party who opposes an exception or motion shall concurrently furnish the trial judge and serve on all other parties an opposition memorandum so it is received at least eight calendar days before the schedule hearing, except for motions for summary judgment, which delays are established by La. Code Civ. Proc. Art. 966.

\*\*\*

(e) Parties who fail to comply with paragraphs (b) and (c) of this Rule may forfeit the privilege of oral argument.

At the hearing on Underwriters' exceptions, the trial court did not allow Mr. O'Dwyer to present an oral argument, finding that Mr. O'Dwyer's opposition memorandum was untimely filed on August 16, 2024. As a result, Mr. O'Dwyer did not have the opportunity to introduce evidence to the trial court for admission. Pursuant to La. District Court Rules, Rule 9.9, we find that the trial court did not err in prohibiting Mr. O'Dwyer from presenting an oral argument at the exceptions hearing.

[5] The evidence was comprised of his testimony, various emails, and pleadings concerning the litigation.

manifest error-clearly wrong standard of review. *See*, *O'Dwyer*, *supra*.

An insurance policy is a contract between the parties and should be construed using the general rules of interpretation of contracts. *Allday v. Newpark Square I Office Condominium Association, Inc.*, 20-358 (La. App. 5 Cir. 8/18/21), 327 So.3d 566, 576. The judiciary's role in interpreting an insurance contract is "to ascertain the common intent of the insured and the insurer as reflected by the words in the policy." *Ledet v. Fabian Martins Construction, LLC*, 18-133 (La. App. 5 Cir. 10/17/18), 258 So.3d 1058, 1065. The parties' intent, as reflected by the words in the policy, determines the extent of coverage. *Id*. Such intent is to be determined in accordance with the plain, ordinary and generally prevailing meaning of the words used in the policy, unless the words have acquired a technical meaning. *Id*. When the words of an insurance contract are clear and explicit and lead to no absurd consequences, courts must enforce the contract as written and make no further interpretation in search of the parties' intent. *Id*. Insurance policies should not be interpreted in an unreasonable or strained manner under the guise of contractual interpretation to enlarge or to restrict its provisions beyond what is reasonably contemplated by unambiguous terms or to achieve an absurd conclusion. *Id*. If, however, an ambiguity remains after applying the general rules of contractual interpretation to an insurance contract, the ambiguous contractual provision must be construed against the insurer who furnished the wording of the contract and in favor of the insured. *Id*. A party seeking recovery under an insurance contract must be a named insured, additional insured, or a third-party beneficiary of the contract. *Id*. at 1066.

A review of the Policy shows MTCA as the only named insured for the commercial line policy on the property located at 401 Metairie Road. The Policy provided commercial property coverage that covered the building and the personal property of MTCA. The individual unit owners of the 401 Metairie Road property

were not expressly named as insureds of the Policy. As a result, the unit owners are not express parties to the insurance contract. Mr. O'Dwyer claims that he has a right to bring the instant action against Underwriters because, as an individual unit owner, he paid the premiums on the Policy for MTCA. However, mere payment or reimbursement of insurance premiums by a plaintiff to an insurance provider does not create a right to recovery under an insurance policy, when the plaintiff is not the named insured and is nowhere named in the policy. *Haddad v. Elkhateeb*, 10-214 (La. App. 4 Cir. 8/11/10), 46 So.3d 244, 257. Consequently, the alleged payment of the premium by the individual unit owners does not in itself create an actionable legal relationship against Underwriters.

Next, Mr. O'Dwyer has alleged various theories of recovery in his petition; however, all of his theories essentially seek recovery from Underwriters for claims arising from the handling of the Policy for Hurricane Ida and the September 28, 2021 event. Thus, whether a stipulation *pour autrui* in favor of Mr. O'Dwyer between MTCA and Underwriters in the Policy exists must be determined.

In *O'Dwyer*, *supra*, Mr. O'Dwyer asserted a similar third-party beneficiary argument against a law firm hired to represent MTCA. This Court explained the following regarding the general law of stipulation *pour autrui*:

> La. C.C. art. 1978 provides that a "contracting party may stipulate a benefit for the third person called a third party beneficiary."[6] Such a contract is commonly referred to as a stipulation *pour autrui* in Louisiana. *Joseph v. Hosp. Service Dist. No. 2 of Parish of St. Mary*, 05-2364 (La. 10/15/06), 939 So.2d 1206, 1211. The Louisiana Civil Code does not provide an "analytic framework for determining whether a third-party beneficiary contract exists" in a particular case. *Id*. At 1212. The Louisiana Supreme Court, however, has held that there are three criteria for determining whether contracting parties have provided a benefit for a third party and requires a review of whether: (1) the stipulation for a third party is manifestly clear; (2) there is certainty as to the benefit provided the third party; and (3) the benefit is not a mere

---

[6] La. C.C. art. 1978 was amended by Acts 2025, No. 488, § 1, which became effective on August 1, 2025. The Article has been amended to state, "A contracting party may stipulate a benefit for a third person called a third-party beneficiary. Once the third-party beneficiary has manifested his intention to avail himself of the benefit, the parties may not dissolve the contract by mutual consent without the beneficiary's agreement."

incident of the contract between the promisor and the promisee. *Id.*

> Pursuant to La. C.C. art. 1981, "[t]he stipulation gives the third party beneficiary the right to demand performance from the promisor."[7] Each case must be decided on a case-by-case basis, and "[e]ach contract must be evaluated on its own terms and conditions in order to determine if the contract stipulates a benefit for a third person." *Joseph*, 939 So.2d at 1212. A stipulation for the benefit of a third party is never presumed, and the party claiming the benefit bears the burden of proof. *Id.* "The most basic requirement of a stipulation *pour autrui* is that the contract manifests a clear intention to benefit the third party; absent such a clear manifestation, a party claiming to be a third-party beneficiary cannot meet his burden of proof. *Id.*

*Id.* at 1068. (Footnotes added to original).

As mentioned earlier, the individual unit owners are not listed as named insureds on the Policy; MTCA is the only named insured. Additionally, Mr. O'Dwyer has failed to cite to a specific provision in the Policy that clearly manifests an intent for any benefit for the individual unit owners by MTCA and Underwriters.[8] The words of the Policy between MTCA and Underwriters are clear, explicit, and lead to no absurd consequences; thus, it must be enforced as written. Consequently, we find that Mr. O'Dwyer does not enjoy a third-party beneficiary status through a stipulation *pour autrui* in the Policy or a beneficiary status of an expressed insured; and, he has no right of action against Underwriters for the various theories of recovery arising from the handling of the Policy for Hurricane Ida and the September 28, 2021 event. Accordingly, we find that the trial court did not err in sustaining Underwriters' exception of no right of action against Mr. O'Dwyer and dismissing his claims against it.

Because we have determined that Mr. O'Dwyer's claims against

---

[7] La. C.C. art. 1981 was also amended by Acts 2025, No.488, § 1, which became effective on August 1, 2025. The Article has been amended to state, "The stipulation gives the third-party beneficiary the right to demand performance from the promisor. Also the stipulator, for the benefit of the third-party beneficiary, may demand performance from the promisor."

[8] We have reviewed Mr. O'Dwyer's proffered evidence in opposition to Underwriters' exceptions. Even if Mr. O'Dwyer's proffered evidence had been admitted by the trial court, we have not discovered anything to indicate a stipulation *pour autrui* between Underwriters and MTCA for the benefit of the individual unit owners.

Underwriters were properly dismissed as a result of the exception of no right of action, we pretermit discussion of Mr. O'Dwyer's remaining assignments of error.

**DECREE**

For the foregoing reasons, we affirm the trial court's September 10, 2024 judgment sustaining Underwriters' peremptory exceptions and dismissing Mr. O'Dwyer's claims against Underwriters. Mr. O'Dwyer is assessed the costs of this appeal.

**<u>AFFIRMED</u>**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. TRAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**SEPTEMBER 25, 2025** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL
PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 24-CA-594

### E-NOTIFIED
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE STEPHEN D. ENRIGHT, JR. (DISTRICT JUDGE)

ANDRE C. GAUDIN (APPELLEE)
JEFFREY K. PRATTINI (APPELLEE)
EDWARD W. TRAPOLIN (APPELLEE)
KATHRYN W. MUNSON (APPELLEE)
KEVIN W. WELSH (APPELLEE)
VIRGINIA Y. DODD (APPELLEE)

BRANDI F. ERMON (APPELLEE)
MICHAEL D. LANE (APPELLEE)
GUS A. FRITCHIE, III (APPELLEE)
RICHARD C. STANLEY (APPELLEE)
LORI D. BARKER (APPELLEE)

CRAIG J. CANIZARO (APPELLEE)
CHRISTOPHER H. IRWIN (APPELLEE)
J. ANDREW MIERAS (APPELLEE)
ASHLEY E. BANE (APPELLEE)
VICTORIA E. PITRE (APPELLEE)

### MAILED
ALEXIS O'DWYER NAVARRO  (APPELLEE)
1116 MONTICELLO AVENUE
JEFFERSON, LA 70121

ASHTON R. O'DWYER, JR.  (APPELLANT)
2829 TIMMONS LANE
UNIT 143
HOUSTON, TX 77027

HEATHER S. DUPLANTIS (APPELLEE)
ATTORNEY AT LAW
400 CONVENTION STREET
SUITE 1100
BATON ROUGE, LA 70802